[No. 8233.]

## WEBER V. HEAD CAMP, PACIFIC JURISDICTION, WOODMEN OF THE WORLD.

1. LIFE INSURANCE—*Suicide of the Assured.*  Under the act of 1903 (Rev. Stat. sec. 3142), the suicide of the policy holder is no defense to an action upon the policy. (533.)

2. RELEASE—*Misconception of Right—Effect.* Deceased holding a policy in defendant for $2,000 died by his own hand. The widow, who was the beneficiary, being shown the clause of the policy declaring that "if a member shall commit suicide * * * the amount to be paid to his beneficiary * * * shall be but 50%, etc.," upon mere assertion of the clerk of the camp that she would get $1,000 or nothing, acting without the advice of counsel, or knowledge of her rights, accepted the $1,000, giving full acquittance. *Held* that she was entitled to recover the remaining $1,000. (534.)

3. —— *On Partial Payment.* The release of a liquidated and enforceable obligation, upon payment of only a portion of the amount does not defeat an action for the remainder. (535.)

4. APPEAL AND ERROR—*Judgment.* The only question involved being one of law, and being resolved in favor of the plaintiff in error, a judgment in favor of defendant in error was reversed, and the cause remanded with directions to the court below to enter judgment for plaintiff in error. (535.)

*Error to El Paso District Court.* Hon. J. W. SHEAFOR, Judge.

Messrs. PURCELL & BURNS, Mr. EUGENE D. PRESTON, and Mr. C. B. HORN, for plaintiff in error.

Mr. GEORGE P. STEELE, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court.

Action to recover judgment on a life insurance policy. January 23, 1907, John H. Weber, a member of the defendant organization, took out a benefit certificate or life insurance policy therein for $2,000, in which plaintiff was named as beneficiary. The policy contained the following clause:

"If the member holding this certificate shall die within one year from the date of the receipt thereof, first, from suicide, whether sane or insane, no benefit whatever shall be paid to his beneficiary or to his beneficiaries and each of them; and further, if a member shall commit suicide, when in good standing at any later date, the amount to be paid to his beneficiary and each of them shall be but fifty per cent. of the amount of what would be due should the member die from some ordinary cause; and that said fifty per cent. shall be received by his beneficiary, or bene-

ficiaries, and each of them in full settlement of all claims."

June 24, 1910, Weber committed suicide. Proof of death having been duly presented to the company, it paid Mrs. Weber $1,000.00, which she accepted, executing and delivering a receipt and release in the following language:

"Pacific Jurisdiction
Woodmen of the World.

Affidavit and receipt of adult beneficiary.

State of Colorado,
County of Mesa—ss.

Anna Weber being first duly sworn, on oath deposes and says:

My name is Anna Weber. My age is 40 years. My post office address is Colbran, Mesa County, Colorado. My residence is Colbran, Mesa County, Colorado. I sustain the relationship of widow to John H. Weber, deceased, late member of Gate City Camp No. 18 Woodmen of the World, a subordinate camp under the control of the Head Camp, Pacific Jurisdiction, Woodmen of the World, a corporation (not for pecuniary profit) organized under the laws of the State of Colorado.

As such widow of said decedent, I am a beneficiary under certificate No. 200989 of said John H. Weber deceased, and as such beneficiary entitled to receive from said the Head Camp, Pacific Jurisdiction, Woodmen of the World, $1,000.00 Dollars, in full settlement of all claims on my behalf, as beneficiary, against said corporation.

I have on this 30th day of August, A. D. 1910, received Benefit Fund Warrant No. 13,653, issued by the said Head Camp, Pacific Jurisdiction, Woodmen of the World, in the sum of $1000.00 in full settlement of all claims in my behalf, as beneficiary, based on said benefit certificate.

I understand that this affidavit together with said benefit fund warrant, when the same is paid, is, pursuant to the Constitution and By-laws of said corporation, a

voucher in full of all claims on my behalf, based on said benefit certificate.

Anna Weber."

Thereafter she commenced this action to recover $1,000 more which she now claims is the balance due on the policy.

The company answered setting up three defenses: First, denying any liability; Second, setting up specifically the suicide clause of the policy; Third, a plea of accord and satisfaction based upon the receipt and release.

Plaintiff demurred to the second defense, which was overruled, and replied to the third, admitting the execution of the receipt and release, but alleging that it was procured by fraud, duress, undue influence, and imposition upon her, and was executed and delivered by her under a mistake as to her legal rights.

Trial was to a jury and at the conclusion of plaintiff's case, on motion, the court instructed the jury to return a verdict for defendant. The case is here on error.

1. The principal question presented here for determination is predicated on the action of the court in directing a verdict for defendant. Plaintiff contends although she executed and delivered the release and receipt, that her action in this regard was induced by the representations of defendant company that it would only pay her $1.000.00, as that was all that was due her under the terms of the policy, and that she signed and delivered the paper under a mistake as to her legal rights. The company takes the position that there was an honest dispute over the amount for which it could be held liable under the terms of the policy, which was finally resolved by a compromise under which it agreed to pay, and plaintiff consented to accept $1,000.00, in full settlement of all claims she had against the company; that this constituted an accord and satisfaction, evidenced by the release executed under oath, which now

estops plaintiff from asserting any further claim against
the company.   Concerning the alleged misrepresentations
on the part of the company, Mrs. Weber testified substan-
tially as follows: Saw the clerk of the Camp and told him
I expected $2,000.00 from the Woodmen of the World; he
said I would only get $1,000.00 because my husband had
committed suicide, and that I would get the $1,000.00 or
nothing; relying upon the representations made by him
I signed the instrument; did not know at that time that
I could get more than $1,000.00, and if I had known I was
entitled to $2,000.00 under the law, I would not have signed
the receipt; nothing in the conduct of the officers of the
company caused me to sign the receipt, that is, they did not
urge me to sign it; my attention was called to the provis-
ion in regard to death by suicide, and I signed the receipt;
nobody explained it to me, and I did not read the receipt,
although I could have done so.

2.   In deciding the issue presented it is necessary to
consider the effect of the suicide clause contained in the
policy.   At the time of its issuance, our statute provided:
"The suicide of a policy holder of any life insurance com-
pany doing business in this state shall not be a defense
against the payment of a life insurance policy." S. L. 1903,
p. 257.   The only reason assigned by the company for its
refusal to pay the face of the policy was based on the
suicide clause.   It urged no other defense and gave no
other reason for such refusal.   At the time this contract
was written, the suicide clause therein inserted was void.
It could not be urged as a defense in this state—in the
event the insured died by his own hand—against an action
to enforce payment, and the policy therefore must be con-
sidered as though the clause was absent.   The statute
eliminates from consideration any defense upon this ground,
which otherwise might have been asserted and although
the constitutionality of the act has been attacked, our Court
of Appeals has decided, and we have held, it constitutional

and binding, and that insurance companies doing business in this state are subject to its provisions. *Woodmen v. Sloss,* 49 Colo. 177, 112 Pac. 49, 31 L. R. A. (N. S.) 531; *Modern Brotherhood v. Lock,* 22 Colo. App. 409, 125 Pac. 556.

The amount due upon this policy is $2.000.00, a fixed, definite, specified, liquidated sum, and the rule of accord and satisfaction has no application to the case.

3. The only question remaining is whether plaintiff is estopped from recovering, by the execution and delivery of the release, or are the circumstances under which it was executed such as to permit her now to repudiate it and recover the balance. Plaintiff evidently had not been advised and did not know her legal rights in connection with the policy. She says had she known she was legally entitled to $2,000.00, she would not have accepted $1,000. Apparently when her attention was called to the suicide clause by the representative of the company, and she was told it would only pay her $1,000.00 in satisfaction of her claim, relying upon such representations, and believing that was all she was entitled to receive, she executed the release. The company knew at the time the statements were made that the suicide clause was void under the statutes of this state, and there was no room for an honest dispute at that time as to its liability for the full amount of the policy. The payment of $1,000.00 must be considered only as a payment on account. Having paid nothing more than its conceded liability, the receipt or release as to the remaining $1,000.00 was without consideration. *Supreme Council American Legion of Honor v. Storey,* (Tex. Civ. Ap.) 75 S. W. 905; *Ins. Co. v. Villeneive,* 25 Tex. Civ. App. 360, 60 S. W. 1014; *Brooks v. White,* 2 Metc. 285 (Mass.), 37 Am. Dec. 95; *Bailey v. Day,* 26 Me. 90; *Hayes v. Mass. Co.,* 125 Ill. 638, 18 N. E. 322, 1 L. R. A. 303.

It is an ancient doctrine of the common law that an

agreement to release or discharge a liquidated, enforceable debt on payment of less than the amount due is not supported by a consideration, and will not defeat an action to recover the unpaid remainder. *Rauen v. Prudential Co.*, 129 Ia. 725, 106 N. W. 198.

It is unbelievable that plaintiff would surrender a one thousand dollar interest in a policy against which no valid defense existed except under some clear misapprehension. A grossly inadequate consideration for the release of valuable rights has been held in itself to be an evidence of fraud. *Rauen v. Prudential Co., supra; Berry v. Insurance Co.*, 132 N. Y. 54, 30 N. E. 254, 28 Am. St. 548. Here there was no consideration whatever.

The questions involved are purely legal. No issue of fact can arise to be determined by a jury and we consider a retrial in the lower court unnecessary. The judgment is reversed and the cause remanded with directions to the lower court to enter judgment in favor of the plaintiff and against the defendant company for the sum of $1000.00, together with interest thereon at the rate of 8 per cent. per annum from August 30, 1910, and costs.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE SCOTT concur.

Decided December 6, A. D. 1915. Rehearing denied February 7, A. D. 1916.