## No. 10,595.

## NORTHERN ASSURANCE COMPANY, LIMITED, OF LONDON *v.* HUNT.

Decided February 4, 1924.   Rehearing Denied March 3, 1924.

Action on fire insurance policy.   Judgment for plaintiff.

### *Affirmed.*

1. INSURANCE—*Settlement—Fraud—Pleading.*   Allegations of fraud in a replication to an answer setting up a settlement, in an action on a fire insurance policy, held insufficient to support the defense.

2. PLEADING—*Fire Insurance—Contract.*   In an action on a fire insurance policy, the defendant having in its possession the policy sued upon, could not, by a motion to make more specific, compel plaintiff to set out the full contract of insurance.

3. *Defensive Matter in Complaint.*   A defendant may not, by a motion to make the complaint more specific, compel plaintiff to plead matters particularly within the knowledge of defendant, or such as are clearly matters of defense.

4. REMEDIES—*Election.*   Where there has been an attempted settlement of loss under a fire insurance policy, the option rests with plaintiff to bring an action at law for an alleged unpaid balance under the policy, or to sue in equity to cancel the contract of settlement.

5. APPEAL AND ERROR—*Special Finding by Jury—Presumption.*   A party at whose request a jury returns a special finding, may not assign error thereon on review, and the truth of evidence supporting the finding will be assumed.

6. ACCORD AND SATISFACTION—*Consideration.* There must be considerations to constitute an accord and satisfaction, whether the claim be liquidated or unliquidated, and in each these are mutual concessions.

7. INSURANCE—*Settlement—Consideration.* Where under a fire insurance policy a settlement is made for an amount less than that conceded by the insurer to be due, the insured is not bound thereby, the release of the remainder having been made without consideration.

*Error to the District Court of Montezuma County, Hon. W. N. Searcy, Judge.*

Mr. SYLVESTER G. WILLIAMS, Mr. S. W. CARPENTER, for plaintiff in error.

Mr. JOHN J. DOWNEY, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there. Plaintiff sued on a policy of fire insurance, and to review a judgment in her favor, entered upon the verdict of a jury, defendant brings error.

The policy in question was for $7,500 and was issued December 18, 1920, on certain buildings and contents. The fire occurred January 6, 1921. Negotiations were soon thereafter entered into for an adjustment, and for that purpose plaintiff delivered her policy to defendant's agent. October 1, 1921, defendant paid plaintiff $3,000 and took her receipt in full. The complaint herein was filed January 20, 1922. Plaintiff alleged that her actual loss was $6,000 and that she had received $3,000 on that account. No mention was made therein of the settlement and receipt in full. The answer alleged that "a difference and disagreement and controversy arose between plaintiff and defendant with respect to the value of the property and the amount of the loss thereon and the amount recoverable under the said policy by reason of said fire," and the $3,000

payment and receipt was a "compromise settlement of all matters and questions in controversy"; that as to whether the loss exceeded $2,700 defendant had, and could obtain, no information; and denied "that by virtue of the terms of said policy, or at all," defendant became indebted to plaintiff in any greater sum. It is alleged in the replication that defendant admitted plaintiff's loss was in excess of $3,000, but refused to settle on such a basis on the ground that a "three-fourths value clause", not actually attached to the policy, should have been so attached and should be considered a part thereof and settlement made accordingly. Further that the alleged settlement was procured by defendant by fraud perpetrated by means of certain false representations. The cause was tried November 2, 1922. The jury was instructed that if, at the time of the settlement, the claims made by defendant were not in good faith, or were put forward merely for the purpose of extorting money, the alleged settlement was without consideration and plaintiff could recover the unpaid balance of her loss, if any. The amount of the verdict was $1,913.90, and in answer to a special interrogatory the jury found that defendant's said contention and claims were not in good faith. A motion to make the complaint more specific, a demurrer to the replication for want of facts, ambiguity and departure, and a motion for a new trial, were each overruled.

Much of the argument on each side is directed to the question of fraud. The allegations in the replication upon which this defense to the settlement is predicated are either immaterial thereto, (such as that defendant's agents stated that plaintiff should have employed a lawyer), or are mere statements of law, (such as that plaintiff had failed to make a sworn statement of the amount of her loss within a certain time and for that reason had forfeited her legal rights). They are wholly insufficient to support the defense under principles too well established to require discussion.

By its motion for a more specific statement defendant

sought to compel plaintiff to set out in full the contract of insurance. Having in its possession not only its own records but plaintiff's contract, it was not entitled to do this. It also sought in the same way to compel plaintiff to plead the details of the alleged settlement and the circumstances under which it paid the $3,000. These were not only matters peculiarly within the knowledge of defendant but related to an alleged contract under which it sought an advantage. They were clearly matters of defense. The effect of the motion was an attempt to compel plaintiff to change her cause of action from one at law for an unpaid balance to a suit in equity to cancel the contract of settlement. The option to do this rested with plaintiff.

The special finding of the jury was made at defendant's request and leaves it no standing here. Assuming, as we must, the truth of the evidence which supports that finding, we learn that the company admitted a loss of at least $3,600, that by a sham contention as to its legal liability it raised a pretended controversy, and as a compromise thereof paid plaintiff $600 less than, under the fact conceded by it, was due her.

The same fundamental principles govern in "accord and satisfaction" whether the claim be liquidated or unliquidated. In either there must be considerations, and in each these are mutual concessions. In the case of unliquidated claims there may be, and often are, concessions of positions taken by parties to the controversy. The controversy may relate either to the law or the facts, and the concessions may be of either. If, however, the settlement be for less than the undisputed debt, or if the sole dispute is due to a sham claim of legal exemption put forward by one of the parties, there can be no mutual concessions hence no consideration. Such is the case before us. Had the settlement been for more than defendant claimed was due, or had its claim of legal exemption been made in good faith, a different case would have been presented.

Defendant having paid less than its conceded liability plaintiff's release of the remainder was without considera-

tion. *Weber v. Head Camp, Woodmen*, 60 Colo. 529, 534, 154 Pac. 728.

The judgment is affirmed.

MR.' CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN concur.