No. 12,927.

DRESSER ET AL. *v.* W. H. MULLIN LUMBER COMPANY.
(25 P. [2d] 936)

Decided September 18, 1933.

Mr. CARL J. SIGFRID, for plaintiffs in error.

Mr. BENJAMIN B. RUSSELL, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE defendant in error company sued in the district court of San Juan county to recover an alleged balance of a claim for goods, wares and merchandise sold and delivered to the plaintiffs in error, Mr. and Mrs. Dresser, defendants below. Trial having been had to the court, findings and judgment were entered in favor of the company and against both defendants. The Dressers bring the case here by writ of error.

The transactions were all between the company and one C. M. Lane, who acted ostensibly as agent. It was earnestly contended during the trial below that Lane was not the agent of Dresser. It is conceded in this court, however, that he was such agent, though it is earnestly argued that the evidence fails to show he was the agent of Dresser's wife. Besides this issue as to whether Lane was Mrs. Dresser's agent, there is another issue, namely, whether there was, as the Dressers urge, a valid accord and satisfaction of the whole claim. If this latter issue should be disposed of favorably to the Dressers, the judgment would have to be reversed as to both plaintiffs in error; otherwise it would have to be affirmed as to both, unless the agency issue were decided in favor of Mrs. Dresser and she were thus entitled to reversal of the judgment against her.

First, as to the alleged accord and satisfaction which under the theory of the Dressers became evidenced by the company's receipt here in the record before us, we accept the trial judge's conclusion—reached on conflicting evidence—that, under the circumstances here disclosed, such accord and satisfaction did not exist. The evidence justified the conclusion. If the issue of agency be decided by us against the Dressers, as we shall presently show it must be, no error could be committed by refusing to hold the company to what on its face appears to be a receipt in full. All difficulty disappears when we remember that the record shows not the slightest uncertainty as to the validity of a single item in the account. There is no accord and satisfaction when the alleged set-

tlement is made by paying less than the amount actually due, where, as here, the smaller sum was received under an express protest at the time. *Northern Assurance Co. v. Hunt,* 75 Colo. 21, 223 Pac. 1083; *Weber v. Head Camp, etc., Woodmen of the World,* 60 Colo. 529, 154 Pac. 728. Compare *New York Life Ins. Co. v. MacDonald,* 62 Colo. 67, 160 Pac. 193.

██ Secondly, in reference to Mrs. Dresser's liability as a principal of the agent Lane, we likewise assent to the finding of the trial judge. The latter resolved the question against her. It is true that the evidence is not particularly strong or entirely clear, yet here a slight prima facie case is sufficient to satisfy legal requirements touching the burden of proof. Neither of the Dressers nor Lane testified. The trial judge had a right to consider this fact in the absence of a proper explanation of their failure to take the witness stand or speak through a deposition.

█ The task of discriminating between credible and incredible testimony in conflict on both issues belonged exclusively to the trial judge, and we are bound by the way in which he accomplished that task. We have carefully examined the record in the light of the twelve assignments of error, none of which points to any error that could possibly have prejudiced the Dressers.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BURKE and MR. JUSTICE HILLIARD concur.