The PEOPLE of the State of Colorado,
Petitioner–Appellee,

In the Interest of A.J., a Child,

And Concerning R.J.,
Respondent–Appellant.

No. 86CA1825.

Colorado Court of Appeals,
Div. I.

June 30, 1988.

Martin & Mehaffy, Lawrence C. Rider, Boulder, for petitioner-appellee.

Flanders, Wood, Sonnesyn & Steinkamp, James R. Christoph, Longmont, guardian ad litem.

Blake M. Sutton, Boulder, for respondent-appellant.

PIERCE, Judge.

Mother, R.J., appeals an order of the trial court terminating the parent-child legal relationship between her and her daughter, A.J. We affirm.

## I.

Mother contends the trial court erred in finding that she had a mental deficiency "of such duration and nature as to render [her] unlikely within a reasonable time to care for the ongoing physical, mental and emotional needs of the [child]." She argues that the finding is not supported by the evidence and that it fails to disclose the basis of the trial court's order. We disagree.

The credibility of witnesses, the sufficiency, probative effect, and weight of the evidence, and the inferences and conclusions to be drawn therefrom are within the province of the trial court; thus, the trial court's findings and conclusions will not be disturbed unless they have no support in the record. *People in the Interest of C.A.K.*, 652 P.2d 603 (Colo.1982). Furthermore, the findings supporting an order terminating the parent-child legal relationship are adequate as long as they conform to the statutory criteria set forth in § 19–11–105, C.R.S. (1986 Repl.Vol. 8B). *People in the Interest of L.G.*, 737 P.2d 431 (Colo.App.1987).

Although the testimony in this case was conflicting, it clearly and convincingly supports the trial court's finding that mother suffered from a mental deficiency which rendered her unable or unwilling to meet the physical, mental, and emotional needs of the child. *See People in the Interest of C.A.K., supra; People in the Interest of C.B.*, 707 P.2d 1046 (Colo.App.1985). This finding, which conforms to the statutory criteria set forth in § 19–11–105, C.R.S. (1986 Repl.Vol. 8B), adequately reflects the basis of the trial court's order of termination. *See People in the Interest of M.M.*, 726 P.2d 1108 (Colo.1986).

## II.

Mother also contends that termination of the parent-child legal relationship was improper because the child had never been removed from the home. Again, we disagree.

The Colorado Children's Code, § 19–1–101, et seq., C.R.S. (1986 Repl.Vol. 8B) (Children's Code), was enacted "[t]o secure for each child subject to these provisions such care and guidance, *preferably in his own home*, as will best serve his welfare and the interests of society." Section 19–1–102(1)(a), C.R.S. (1986 Repl.Vol. 8B) (emphasis added). To further this purpose, the disposition of a child who has been adjudicated dependent and neglected may include an order placing the child in her parents' legal custody or it may vest legal custody in an agency or institution which has the right, subject to court approval, to decide where and with whom the child shall live. Sections 19–3–111(1)(a), 19–3–111(4)(a) and (b), and 19–3–115(3)(a), C.R.S. (1986 Repl.Vol. 8B). In either situation, the physical placement of the child may remain in her parents' home.

These provisions of the Children's Code evince a legislative intent to allow a child who has been adjudicated dependent and neglected to remain in his or her home whenever possible and to facilitate in-home placements by providing necessary assistance. Section 19–11–105, C.R.S. (1986 Repl.Vol. 8B), which sets forth the criteria for termination of the parent-child legal relationship, does not require a child to be removed from her parents' home prior to termination, and we decline to judicially legislate such a requirement.

Judgment affirmed.

TURSI and PLANK, JJ., concur.