**In re the MARRIAGE OF Christine HANNUM n/k/a Christine Stone, Appellee,**

**and**

**Robert C. Hannum, Appellant.**

**No. 89CA0513.**

Colorado Court of Appeals, Div. III.

April 19, 1990.

Rehearing Denied June 14, 1990.

Certiorari Denied Sept. 10, 1990.

Mary T. Hoagland, Denver, for appellee.

Robert C. Hannum, pro se.

Opinion by Judge METZGER.

Robert C. Hannum (father), appearing *pro se*, appeals the trial court's order modifying his support obligation for the children of his marriage to Christine Stone (mother). We vacate the order and remand the cause with directions.

The parties' marriage was dissolved in 1984. Mother was awarded custody of the two minor children, and father was ordered to pay $600 per month as child support.

In 1985, father remarried. Alleging a substantial change in circumstances, the mother moved to modify the existing child support order on November 1, 1988. Three weeks later, the father's second wife filed a petition for legal separation. In that action, a temporary support order was entered in that proceeding pursuant to a stipulation that the father would pay $1,050 per month for child support of two children of that marriage, one of whom was not yet born. The father and his second wife continued to reside in the same household.

At the hearing on the mother's motion to modify, the father argued that, pursuant to § 14–10–115(7)(d), C.R.S. (1987 Repl.Vol. 6B), the amount of support ordered for children of his second marriage should be set-off from the determination of his income. However, the trial court refused to do so, concluding that § 14–10–115(10)(a)(II), C.R.S. (1987 Repl. Vol. 6B) limits the right of set-off to the amount of court ordered support for previous children only, and that support for later-born children should not be set-off.

## I.

The father first contends that the trial court erred in its interpretation of § 14–10–115(7)(d) and § 14–10–115(10)(a)(II), C.R.S. (1987 Repl. Vol. 6B). We agree.

██ If a statute is explicit and free from ambiguity, there is no room for interpretation or construction beyond giving effect to common and accepted meaning of words employed in the act. *Griffin v. S.W. Devanney & Co.*, 775 P.2d 555 (Colo.1989). Words and phrases in statutes are to be construed according to their familiar and generally accepted meaning, and when the language of the statute is plain, its meaning clear and no absurdity results, resort should never be had to strained interpretation. *Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973).

Section 14–10–115(7)(d) provides:

"The amount of child support actually paid by a parent with an order for support of other children shall be deducted from that parent's gross income. For the purposes of this section, 'other children' means children who are not the subject of this particular child support determination."

Section 14–10–115(10)(a)(II) provides in relevant part:

"For the purposes of subsections (3) to (14) of this section, 'adjusted gross income' means gross income less preexisting child support obligations ... actually paid by a parent."

██ Neither of these statutes is ambiguous. Section 14–10–115(7)(d) makes no reference to birth order in its definition of "other children." And, the term "preexisting" in § 14–10–115(10)(a)(II) clearly modifies the word "obligations," and does not,

as the court held, modify only the term "child."

Our resolution of this issue finds additional support in the addition of § 14–10–115(7)(d.5), C.R.S. (1989 Cum. Supp.). If, as here, a statute is amended by additions, it is intended to be a continuation of the prior statute with respect to unchanged portions. *See* § 2–4–208, C.R.S. (1980 Repl.Vol. 1B); *Security Life & Accident Co. v. Heckers,* 177 Colo. 455, 495 P.2d 225 (1972).

Section 14–10–115(7)(d.5)(I), C.R.S. (1989 Cum.Supp.) provides that the deduction from parental income for obligations to other children must be based on the obligation which the guidelines would yield, rather than on whatever amount was ordered by the court. Section 14–10–115(7)(d.5)(II), C.R.S. (1989 Cum.Supp.) provides that this deduction may not be made if it would lower the existing obligation for those children who are the subject of the motion to modify. This amendment demonstrates the General Assembly's awareness that, under the guidelines, obligations for subsequent children may be deducted from parental income in considering modifications of child support for prior children.

Consequently, we conclude that the trial court's interpretation of §§ 14–10–115(7) and 14–10–115(10)(a)(II) was erroneous.

The mother urges that we affirm the order because it represents no more than a deviation from the child support guidelines, a practice permitted by § 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6B). We are unable to do so.

We have consistently held that, while a court may deviate from the guidelines if rote application would be inequitable, specific factual findings are required to support any deviation. *In re Marriage of English,* 757 P.2d 1130 (Colo.App.1988). The order here contains no such findings. Indeed, because of its resolution of the issues on statutory construction grounds, the trial court did not reach the question whether deviation from the guidelines would be appropriate. Therefore, the matter must be remanded for redetermination by the trial court, in its sound discretion.

## II.

Because the issue may arise on remand, we address father's contention that the trial court abused its discretion in determining his adjusted gross income by averaging his income for the four years preceding the modification hearing. We find no abuse of discretion.

The evidence established that the father reported income of $51,350 in 1985, $43,049 in 1986, $60,092 in 1987, and $57,172 in 1988. He contended that his earnings for 1989 would constitute only $43,740. However, his financial affidavit for the legal separation action showed his reported current earnings to be $49,224.

The father explained that his reduction in income resulted from his decision to cease teaching summer courses in accordance with a change in university policy. However, the father's supervisor testified that the father would continue to have the opportunity to teach summer courses, although the university was not encouraging faculty members to do so.

This conflicting evidence cast doubt upon the reliability of the father's financial affidavit in the modification proceeding. Thus, the trial court did not abuse its discretion in considering documentation of past earnings to determine the father's gross income. *See* § 14–10–115(7)(a)(I) and (c), C.R.S. (1987 Repl.Vol. 6B).

The order modifying child support is vacated, and the cause is remanded for such further proceedings as the trial court may deem necessary. Pending redetermination, the child support order which is the subject of this appeal shall remain in effect.

TURSI and CRISWELL, JJ., concur.