In re the MARRIAGE OF Betty
J. ANSAY, Appellee,

and

Richard D. Ansay, Appellant.

No. 91CA1581.

Colorado Court of Appeals,
Div. V.

Sept. 24, 1992.

Betty J. Ansay, pro se.

Litvak and Litvak, P.C., Ronald D. Litvak, Denver, for appellant.

Opinion by Judge MARQUEZ.

Richard D. Ansay (husband) appeals an order increasing child support. We reverse and remand.

Husband first contends that the trial court erred in failing to adjust his income as provided for in § 14–10–115(7)(d.5)(I), C.R.S. (1992 Cum.Supp.). We agree.

Section 14–10–115(7)(d.5)(I) requires an adjustment to be made to a parent's income "if a parent is also legally responsible for the support of other children for whom the parents do not share joint legal responsibility."

Thus, when a "second family" has been created, § 14–10–115(7)(d.5)(I) provides for a limitation on the amount of an increase in support for the "first family" based upon application of the guidelines using only the responsible parent's gross income. *Report of the Colorado Commission on Child Support* (1991). However, an adjustment is not authorized if it would result in a reduction of the existing order. Sections 14–10–115(7)(d.5)(I) and 14–10–115(7)(d.5)(II), C.R.S. (1992 Cum.Supp). *See In re Marriage of Hannum*, 796 P.2d 57 (Colo.App.1990).

Here, the testimony disclosed that husband has two children from his current marriage. Thus, § 14–10–115(7)(d.5)(I) requires that his income be reduced by the support obligation which the guidelines would yield for such children based only upon his gross income, without any other adjustments. *See In re Marriage of Van Inwegen*, 757 P.2d 1118 (Colo.App.1988). Such adjustment would not be made, however, to the extent that it contributes to a calculation of support lower than the previous existing support order. Section 14–10–115(7)(d.5)(II).

We reject husband's contention that his income should have been further reduced by the amount of health insurance which is purchased through his present spouse's employment. Evidence was not presented to establish the asserted additional cost for such insurance; thus, there was no basis for the trial court's application of § 14–10–115(7)(e), C.R.S. (1987 Repl.Vol. 6B).

Husband also asserts that the court erred by including certain public secondary school expenses within the category of higher education expenses. We conclude that further findings are necessary.

Here, the trial court provided that it was allowing certain costs for higher education for the parties' two older children, and appears to have included in that category certain high school expenses for cheerleading, driver's education, volleyball, debate program, and gymnastics for the youngest child. We agree that such expenses do not qualify as higher educational expenses under § 14–10–115(13)(a)(III), C.R.S. (1987 Repl.Vol. 6B), in effect at the time of these proceedings.

However, under other provisions of the child support guidelines, the trial court may apportion reasonable and necessary secondary school expenses to meet the particular educational needs of a child. Section 14–10–115(13)(a)(I), C.R.S. (1987 Repl. Vol. 6B). Furthermore, the trial court is not precluded from determining that a deviation from the presumed amount of support may be warranted by such additional expenses under the circumstances of a par-

ticular case. *See* § 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6B).

Nevertheless, absent further findings, we are unable to determine whether the trial court's award here is appropriate. *See In re Marriage of English*, 757 P.2d 1130 (Colo.App.1988). Accordingly, the matter must be remanded so that the trial court may reexamine the extraordinary adjustments to the basic child support schedule and make specific findings regarding the amount awarded.

■ Husband also maintains that the trial court did not consider the contributions of the children and the grants received by them, as required by § 14–10–115(13), C.R.S. (1992 Cum.Supp.). We disagree.

Here, there was unequivocal testimony that the older children did not receive any Pell grants. In addition, testimony presented regarding the additional expenses to which the children applied their earnings was sufficient for the court to determine that it was not appropriate to reduce the presumed amount of support. *In re Mar-riage of Barrett*, 797 P.2d 848 (Colo.App. 1990).

■ We also reject husband's contention that the trial court erred in not considering whether the inclusion of higher educational costs was a reasonable expense.

The order is reversed, and the cause is remanded to the trial court for a redetermination of support after considering an adjustment to the husband's income and reconsidering the expenses for higher education and secondary school in accordance with the views expressed herein. However, the current order shall remain in full force and effect pending such redetermination.

HUME and JONES, JJ., concur.