In re the MARRIAGE OF Sandra Lyn POTE, n/k/a Sandra Lyn Merrick, Appellant,

and

Harold Fred Pote, Appellee.

No. 91CA1755.

Colorado Court of Appeals, Div. I.

Jan. 14, 1993.

child support to Harold Fred Pote (father). We reverse and remand with directions.

When the parties' marriage was dissolved in 1980, mother was awarded custody of their child, and father was required to pay child support. Apparently father was later ordered to pay mother $50 per month for arrearages, but that order does not appear in the appellate record.

In December 1990, the parties agreed that the child should live with father. His child support obligation was then abated by court order. In May 1991, he filed a motion to change custody, determine child support, and abate or set off the arrearages.

After a hearing in July 1991, the trial court awarded father custody of the child, then 17, and ordered mother to pay $179.80 per month child support retroactive to January 1991. The court also allowed mother to set off father's arrearages of $2125 against her support obligation.

Mother first contends that the trial court should have considered deviating from the child support guidelines in view of circumstances related to her four-year-old child from a subsequent marriage. In essence, mother argues that income for full-time employment should not have been imputed to her because her younger child has exceptional needs. We agree that the trial court did not properly apply the guidelines here, but do not find that any deviation was required.

Under § 14–10–115(7)(b)(I); C.R.S. (1992 Cum.Supp.), if a parent is voluntarily unemployed or underemployed, child support must be calculated on a determination of potential income. *See In re Marriage of Beyer*, 789 P.2d 468 (Colo.App.1989); *In re Marriage of Marshall*, 781 P.2d 177 (Colo. App.1989).

Arnold Ross and Singer, Michael K. Singer, Sterling, for appellant.

Janet D. Zimmerman, Sterling, for appellee.

Opinion by Judge NEY.

In this post-dissolution of marriage action, Sandra Lyn Pote (mother) appeals the order determining her obligation to pay

Here, mother testified that she worked about 20 hours per week on night shift in order to care for her younger child during the day and that the child, who has Down's syndrome, required extra care. The trial court found that mother "is able to be employed on a full-time basis, except for the needs of the [younger child]," and

concluded that a salary based on full-time employment should be imputed to her.

The findings and the evidence demonstrate that mother did not voluntarily choose part-time employment and so contradict the trial court's conclusion. Rather, the needs of the younger child precluded her from being employed full-time, as the trial court found. Therefore, full-time income should not be imputed to her. *See In re Marriage of Nordahl*, 834 P.2d 838 (Colo.App.1992). On remand, the trial court is directed to recalculate mother's gross income accordingly.

We agree with mother that the trial court erred in concluding that because she received a deduction from gross income for her obligation to support the younger child under § 14–10–115(7)(d.5)(I), C.R.S. (1992 Cum.Supp.), then full-time income must be imputed to her under § 14–10–115(7)(b), C.R.S. (1992 Cum.Supp.).

We must read the statute as a whole to harmonize and give effect to the legislative purposes underlying both sections. Section 2–4–201, C.R.S. (1980 Repl.Vol. 1B).

Here, nothing in those two sections suggests that the income of a parent who is involuntarily working less than full-time and also caring for another child must be calculated as imputed income. The sections serve different purposes and both can be applied here. *See In re Marriage of Hannum*, 796 P.2d 57 (Colo.App.1990). Therefore, on remand the trial court should apply an appropriate credit under § 14–10–115(7)(d.5)(I) after recalculating mother's income.

Mother next contends that the trial court erred in making her child support obligation retroactive to January 1991 although father's motion for support was not filed until a later date. We agree.

■ A parent may not be required to pay his or her ex-spouse child support amounts for a period prior to entry of a child support order. *In re Marriage of Serfoss*, 642 P.2d 44 (Colo.App.1981). Further, child support obligations may be modified only as to installments accruing after a motion to modify has been filed. Section 14–10–122(1), C.R.S. (1992 Cum.Supp.).

However, effective July 1, 1991, under § 14–10–122(5), C.R.S. (1992 Cum.Supp.), "[w]hen a voluntary change of physical custody occurs, the provisions for support, if modified pursuant to this section, will be modified as of the date when physical custody was changed."

Legislation is presumed to have a prospective effect unless a different intent is clearly expressed by the legislature and the new law is remedial or procedural in nature. Laws may not be retrospectively applied so as to impair substantive, vested rights or create new obligations. Section 2–4–202, C.R.S. (1980 Repl.Vol. 1B); *Stewart v. Public Employees' Retirement Ass'n*, 43 Colo.App. 25, 612 P.2d 1141 (1979).

Here, nothing in the amendment indicates the General Assembly's intent that it be applied retroactively. Further, such an application would create a new obligation on mother's part to pay support for the period before either the motion was filed or the amendment took effect. Therefore, since father's motion was filed in May 1991, the trial court erred in ordering mother to pay support retroactive to January 1991. *See In re Marriage of Serfoss, supra.* On remand, the trial court is directed to make mother's child support obligation effective on or after the date father's motion was filed.

Mother next contends that the trial court was without discretion to deny her interest on the judgment against father for arrearages to be offset against her child support obligation. We agree that the matter should be reconsidered on remand.

■ Interest on child support arrearages accrues from the date each installment becomes due, and the trial court may not deny such interest unless it is waived. *In re Marriage of Schutte*, 721 P.2d 160 (Colo.App.1986).

■ Here, the trial court concluded that interest would be due only if the arrearages had been reduced to judgment. That conclusion was erroneous. *See In re Marriage of Schutte, supra.* Therefore, on remand the trial court should reconsider mother's claim for interest and make an appropriate award, if any.

Mother further contends that the trial court should have deviated from the child support guidelines based on the child's income. We disagree.

■ The extent to which a child's income is or should be applied to payment of extraordinary educational expenditures or the satisfaction of the child's basic needs is a question of fact to be determined by the trial court under the totality of circumstances in each case. *In re Marriage of Barrett,* 797 P.2d 848 (Colo.App.1990).

■ Here, the trial court determined that the child's "scholastic and extra-curricular activities limit her earning potential to such a degree" that her income should not be deducted. That determination is supported by the record and within the trial court's discretion. Therefore, we may not disturb it on review. *See In re Marriage of Barrett, supra.*

Mother also requests an award of her attorney fees for this appeal. The trial court, being better suited to consider the issue, is directed to hear mother's request and to make an appropriate award, if any, under § 14–10–119, C.R.S. (1987 Repl.Vol. 6B). *See In re Marriage of Meisner,* 715 P.2d 1273 (Colo.App.1985).

We find no merit in mother's other contentions.

We do not consider this appeal to be frivolous and therefore deny father's request for an award of his attorney fees.

The order is reversed, and the cause is remanded for recalculation consistent with this opinion of mother's child support obligation under the applicable guidelines, with the order to be effective not earlier than the date father's motion was filed. Mother's present obligation shall remain in effect until the new order is entered, with mother to receive credit for any resulting overpayment.

STERNBERG, C.J., and BRIGGS, J., concur.