**In re the MARRIAGE OF Lisa L. EZE, Appellant,**

**and**

**Moses O.J. Eze, Appellee.**

**No. 92CA0859.**

Colorado Court of Appeals, Div. V.

June 17, 1993.

Helen C. Shreves, Denver, for appellant.

Geil, Jeffers, Woodrum & Waitkus, P.C., Christopher C. Jeffers, Boulder, for appellee.

Opinion by Judge DAVIDSON.

Lisa L. Eze (mother) appeals the calculation of child support due from Moses O.J. Eze (father). We affirm.

The parties have two children. During final orders hearings in this dissolution of marriage action, father testified that he also has a child in Iowa, a child in Alabama, and five children in Nigeria. He described his support of the children in Iowa and Nigeria, but his documentary evidence was rejected for lack of foundation. The trial court, however, found that father did have support responsibilities for other children and deducted $1400 from father's gross income before calculating the support due from him for the parties' children.

## A. Factual Determinations

Mother first contends that the trial court erred in determining that father was responsible for the support of the children in Nigeria. We disagree.

The trial court's determination of the credibility of witnesses and the sufficiency, probative effect, and weight of the evidence will not be disturbed on review unless the findings are manifestly erroneous. *In re Marriage of Hoyt*, 742 P.2d 963 (Colo.App.1987).

Here, the finding that father was responsible for other children was supported by his own testimony. We may not reweigh that evidence, nor may we substitute our judgment for that of the trial court as to father's credibility. Mother's assertion to the contrary notwithstanding, the trial court is free to find the father credible on some issues and not on others. *See, e.g., People in Interest of A.J.*, 757 P.2d 1165 (Colo.App.1988); *see also Dresser v. W.H. Mullin Lumber Co.*, 93 Colo. 271, 25 P.2d 936 (1933) (task of discriminating between credible and incredible testimony belongs exclusively to the trial court).

## B. Deduction for Other Support Obligations

Mother next contends that the trial court erred in deducting an amount for father's other child support obligations from his gross income. We disagree.

The child support guideline provides two methods for recognizing an obligor-parent's other child support obligations. The first, set out in § 14–10–115(7)(d), C.R.S. (1987 Repl.Vol. 6B), provides that: "The amount of child support actually paid by a parent with an order for support of other children shall be deducted from that parent's gross income." *See also* § 14–10–115(10)(a)(II), C.R.S. (1992 Cum.Supp.) ("ad-

justed gross income" defined for guideline purposes as "gross income less preexisting child support obligations and less alimony or maintenance actually paid by a parent").

The second method, set out in § 14–10–115(7)(d.5)(I), C.R.S. (1992 Cum.Supp.), provides:

At the time of the initial establishment of a child support order, or in any proceeding to modify a support order, if a parent is also legally responsible for the support of other children for whom the parents do not share joint legal responsibility, an adjustment shall be made revising such parent's income prior to calculating the basic child support obligation for the children who are the subject of the support order. An amount equal to the amount listed under the schedule of basic child support obligations in paragraph (b) of subsection (10) of this section which would represent a support obligation based only upon the responsible parent's gross income, without any other adjustments, for the number of such other children for whom such parent is also responsible shall be subtracted from the amount of such parent's gross income prior to calculating the basic child support obligation based on both parents' gross income as provided in subsection (10) of this section.

Thus, the deduction for support of other dependents is "computed by deducting the amount of an order for support or, if there is no order, by computing the support from the guideline table." *Colorado Child Support Commission Report* 10 (1990).

We do not follow the dicta suggesting otherwise in *In re Marriage of Hannum,* 796 P.2d 57, 59 (Colo.App.1990), in which the court stated that § 14–10–115(7)(d.5)(I) "provides that the deduction from parental income for obligations to other children must be based on the obligation which the guidelines would yield, rather than on whatever amount was ordered by the court."

■ Both of these methods allow deductions for support of "other children," defined as "children who are not the subject of this particular child support determina-tion." Section 14–10–115(7)(d). Neither method limits the deduction by birth order, as mother contends, or is ambiguous in that regard. *See In re Marriage of Hannum, supra.*

### 1. Deduction under § 14–10–115(7)(d)

A deduction under § 14–10–115(7)(d) depends upon a showing of actual payment under existing child support orders. *See People in Interest of C.D.,* 767 P.2d 809 (Colo.App.1988).

■ Here, the trial court did not apply that subsection, finding that father had support obligations for his other children, but that there were no orders setting the amount of those obligations. Given the scant and conflicting evidence concerning father's other child support orders, we cannot say that was error.

### 2. Deduction under § 14–10–115(7)(d.5)

Further, we do not agree with mother that a deduction under § 14–10–115(7)(d.5) must be limited to an amount "actually paid" or was improper here.

■ Section 14–10–115(7)(d.5) was intended to recognize an obligor-parent's support of children not subject to a support order, such as those in a current, intact family. Hearings on H.B. 1180 before the House Judiciary Committee, 57th General Assembly, First Session (January 19, 1989); Hearings on H.B. 1180 before the Senate Judiciary Committee, 57th General Assembly, First Session (May 3, 1989). However, § 14–10–115(7)(d.5) requires only that the parent be "legally responsible for the support of other children." That subsection is unambiguous and makes no reference to actual payment. We may not add such a requirement to the statute. *See In re Marriage of Hannum, supra.*

Further, we do not read either § 14–10–115(7)(d) or § 14–10–115(10)(a)(II), C.R.S. (1992 Cum.Supp.), both containing the phrase "actually paid," to impose that requirement on the more specific and later-enacted § 14–10–115(7)(d.5). *See* §§ 2–4–205, 2–4–206, and 2–4–208, C.R.S. (1980 Repl.Vol. 1B). While those subsections do

not "contemplate any adjustments to a parent's gross income for court-ordered child support obligations which have not actually been paid by the obligor," *People in Interest of C.D., supra*, at 811, the General Assembly has not chosen to so limit § 14-10-115(7)(d.5).

Additionally, the amount calculated and deducted under § 14-10-115(7)(d.5) typically would not be "paid." Rather, it may be only an approximation of the cost of support *provided* by a parent or an intact family. *See In re Marriage of Pote*, 847 P.2d 246 (Colo.App.1993); *In re Marriage of Ansay*, 839 P.2d 527 (Colo.App.1992). *See also* Hearings on H.B. 1180 before the House Judiciary Committee, 57th General Assembly, First Session (January 19, 1989); Hearings on H.B. 1180 before the Senate Judiciary Committee, 57th General Assembly, First Session (May 3, 1989). However, neither has the General Assembly indicated that the parent must "actually provide" support to qualify for a deduction under § 14-10-115(7)(d.5). *But see Colorado Child Support Commission Report* 17 (1991) (stating that the deduction applies "only if the legally responsible parent is actually providing support for the child").

In reaching the conclusion that the deduction permitted under § 14-10-115(7)(d.5) is not limited to an amount "actually paid," we are not unmindful of the presumption that a statute is intended to reach a just and fair result. *See* § 2-4-201, C.R.S. (1980 Repl.Vol. 1B). Mother's assertions to the contrary notwithstanding, applying this subsection as written does no violence to this principle.

By this subsection, the General Assembly recognized that the failure to account for a parent's legal support obligations for his or her other children can result in a disproportionate share of monies being paid to one family at the expense of another. That the "other family," at a particular time, has not enforced those obligations should not divest those "other" children of money which otherwise should be available to them for their support. That result would be inconsistent with the statutory purpose "[t]o make [child support] awards

more equitable by ensuring more consistent treatment of persons in similar circumstances," § 14-10-115(3)(c)(II), C.R.S. (1987 Repl.Vol. 6B), and, in our view, is not what the General Assembly intended. Moreover, we note here that although father could not prove an exact amount, he did testify that he actually was providing support to his other children.

Accordingly, the trial court's determination that father was responsible for support of the other children and the calculation and deduction of an amount for their support are consistent with the record and existing law.

### C.   Deviation from Guideline

■  Mother also contends, in essence, that the trial court should have determined father's entitlement to the deduction under the standards of § 14-10-115(3)(a), C.R.S. (1992 Cum.Supp.) for deviation from the guideline. We disagree.

Sections 14-10-115(7)(d) and (d.5) allow a deduction without further reference to § 14-10-115(3)(a). Such a deduction is an application of, not a deviation from, the guideline. *Cf. People in the Interest of C.D., supra; In re Marriage of Rosser*, 767 P.2d 807 (Colo.App.1988) (both cases decided before § 14-10-115(7)(d.5) was enacted).

The judgment is affirmed.

TAUBMAN, J., concurs.

HUME, J., specially concurs.

Judge HUME specially concurring.

I concur in the conclusion by the majority that § 14-10-115(7)(d.5)(I), C.R.S. (1992 Cum.Supp.) unambiguously requires only a showing of legal responsibility for support of other children in order to be entitled to an adjustment of gross income for purposes of calculating support in pending proceedings. I also agree that the statute clearly establishes a method for calculating the adjustment and does not require a finding warranting a deviation from the guidelines.

I write separately only to question whether the General Assembly intended the statute to apply under circumstances such as are presented in this case.

The statement in *Colorado Child Support Commission Report* 17 (1991) that the deduction applies "only if the legally responsible parent is actually providing support for the child" seems eminently sensible as a matter of public policy. The use of the child support guidelines to establish the amount of a parent's obligation to support a presently existing family unit is also reasonable because it eliminates the necessity of an accounting of amounts expended for food, housing, clothing, education, medical care, and other necessities of life that are incorporated into the presumptive support guidelines.

However, the uniform application of § 14–10–115(7)(d.5)(I) to determine the amount of income adjustment for all non-court-ordered support obligations owed to other children is illogical and may yield unjust results in other circumstances. Here, for example, father is entitled, under the terms of the statute, to a $1,400 monthly adjustment to his income because of his obligation to provide support for six other children. It makes no difference if he actually pays nothing or if he pays $1,000 per child per month toward the support of each of those six children. If the father pays nothing or a minimal amount toward the support obligation for the other children, I see no logical reason why he should be entitled to a $1,400 windfall deduction.

Thus, I question whether the General Assembly actually intended that the statute be applied in the manner indicated by the language used therein.