**In re the MARRIAGE OF John M. FOLEY, Appellee,**

**and**

**Mary Foley, n/k/a Mary Bellows, Appellant.**

**No. 93CA0824.**

Colorado Court of Appeals, Div. II.

March 10, 1994.

Rehearing Denied April 14, 1994.

Petition and Cross–Petition for Certiorari Denied Aug. 29, 1994.

A.A. Lee Hegner, Denver, for appellee.

Marjorie J. Sommer, Denver, for appellant.

Opinion by Judge JONES.

In this post-dissolution of marriage action, Mary Foley (mother) appeals a judgment for unpaid child support. We reverse.

The mother's marriage to John M. Foley (father) was dissolved in 1982. The mother was the primary residential custodian of their daughter and son, and the father was ordered to pay $500 per month child support.

In 1988, the father became the primary custodian of the daughter, while the son remained with the mother. The father was ordered to pay the mother $165 per month.

In July 1991, the father moved to modify the orders as both children then were living with him. Before that motion was heard, in January 1992, the parties entered into a stipulation which was made an order of the court. By that stipulation, the father became the sole custodian of both children, and the mother was ordered to pay $300 per month beginning in February 1992.

The order included the following as to the daughter, who was then 18 years old:

10. in the event [the daughter] shall, of her own free will, and not under duress or any other constraint, profess to this court her wishes that existing custodial arrangements be changed to reflect [the mother] as primary custodial parent, [the father] shall not oppose any motion made in pursuit thereof; and,

11. should [the daughter], in conformity with the provisions of Paragraph 10., profess her desire to reside permanently with [the mother], and an order of this court, which condones such change of custody, is thereafter entered, [the father] shall raise no issue with regard to the payment of child support so long as [the daughter] is unemancipated and resides with [the mother].

In February 1992, the father filed a "notice of revocation of agreement to enter into stipulation." He alleged that the mother had not paid any support under the January 1992 order, and so he purported to revoke the stipulation and sought a hearing on his July

1991 motion for modification. The mother responded that the stipulation should be enforced, but neither party owed child support because the daughter then lived with her and the son with the father.

The matter was heard in November 1992. The court accepted the statements of counsel that the daughter had lived with the mother since January 1992. However, it also determined that the January 1992 stipulation and order was *res judicata* as to issues set forth therein; that the mother had not paid any support under that order; and that she owed the father $3000 in arrears from February through November 1992, plus statutory interest.

The mother contends that the trial court erred in entering judgment against her for child support for the period when the daughter lived with her. We agree.

Section 14–10–122(5), C.R.S. (1993 Cum. Supp.), effective July 1, 1991, provides that:

> When a voluntary change of physical custody occurs, the provisions for support, if modified pursuant to this section, will be modified as of the date when physical custody was changed.

This statute overruled a line of cases based on contrary statutory authority. *See In re Marriage of Pote,* 847 P.2d 246 (Colo.App. 1993). *But see Brown v. Brown,* 183 Colo. 356, 516 P.2d 1129 (1973) (citing no authority, court stated respondent only entitled to payments when children actually with her and supported by her).

 Here, the parties and the court recognized that the daughter had lived with the mother since January 1992, and the mother raised that issue in her response to the father's "notice of revocation." Therefore, consistent with § 14–10–122(5) and the January 1992 order, the court should have relieved the mother of her obligation to pay the father support for the daughter accordingly. *Cf. In re Marriage of Pote, supra* (concerning change of custody and motion for modification before § 14–10–122(5) became effective).

Although the father argues that the January 1992 order required the mother to file a motion for modification, the words of the order express no such requirement. Further, we conclude that the informality of the mother's request does not violate due process here and so should not bar relief. *See In re Marriage of Stroud,* 631 P.2d 168 (Colo.1981).

We need not address the mother's contention concerning denial of her post-trial motion.

The judgment is reversed.

METZGER and NEY, JJ., concur.