STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-21-001

MAINE DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
DIVISION OF SUPPORT
ENFORCEMENT AND RECOVERY,
      Petitioner

and

KRISTIN DUBE,
      Party-in-Interest

**DECISION AND ORDER**

v.

JONATHAN N. HAYES,
      Respondent

## INTRODUCTION

Before the court is the appeal brought by the Petitioner (DHHS/DSER, hereafter referred to as the División), from the Decision After Hearing dated December 23, 2020 issued by an Administrative Hearing Officer. This appeal is brought pursuant to 5 M.R.S. §§ 11001-11002 (Maine Administrative Procedure Act) and M.R.Civ. P. 80C.[1] The issue before the court is strictly a question of law. The Division contends that the Administrative Hearing Officer committed an error of law in his interpretation and application of 19-A M.R.S. § 2001(5)(E).

---

[1] The Division is subrogated to the rights of the custodial parent, i.e., Kristin Dube. *See* 19-A M.R.S. §§ 2103 and 2351(1)

## PROCEDURAL AND FACTUAL BACKGROUND

The facts are not in dispute. Respondent, Jonathan Hayes, is subject three separate child support obligations. The first in time is a Maine District Court divorce judgment dated April 7, 2011 that required him to pay the sum of $240.00/week towards the support of his first five children.[2] The second order, and the one at issue in this case, is an administrative child support order dated July 27, 2016 that required Mr. Hayes to pay $115/week effective June 17, 2016 and then $107/week effective August 19, 2016, for the support of his sixth child. The third order was issued by the State of Maryland (Carroll County) on July 17, 2020 and required Mr. Hayes to pay $322/month for the support of his seventh child.

After the third order was issued by the State of Maryland, Mr. Hayes sought to modify or amend the administrative support order (Order # 2) dated July 27, 2016. *See* 19-A M.R.S. §§ 2009 and 2304(8). An administrative hearing was held on August 26, 2020 and the Hearing Officer (Diebold) issued a Decision After Hearing on September 11, 2020. In that Decision, the Hearing Officer addressed the definition of the term "gross income" as found in 19-A M.R.S. § 2001(5)(E):

> Gross income of an obligor does not include the amount of a preexisting spousal support obligation to a former spouse who is not the parent of the child for whom support is being determined, <u>a preexisting child support obligation pursuant to court or administrative order</u>, or an appropriate amount of preexisting child support being voluntarily paid by a party who has a legal obligation to support that child.
> (emphasis added).

Hearing Officer Diebold interpreted the phrase "a preexisting child support obligation to mean all other child support obligations which existed prior to this Decision After Hearing issued on the date signed below." (R. at 28). Later, the Hearing Officer amplified on this point by stating:

---

[2] It is the court's understanding that two of those children have now reached the age of 18.

> There is little sense that some orders are excluded from determination of gross income but others are not, nor is this interpretation compelled by a reading of § 2001(5)(E). The language of § 2001(5)(E) is drawing a distinction, for calculation purposes, between the order under review, and all other existing orders. (R. at 29).

In essence, the Hearing Officer was saying that the term "preexisting "means any order "existing" at the time any modification or amendment to an order is issued. As a result of this reading of § 2001(5)(E), the Hearing Officer adjusted Mr. Hayes's gross income by a total of $16,344, which included the sum of $3,864 from the January 17, 2020 order from Maryland (Order # 3) as well as the sum of $12,480 from the April 7, 2011 Divorce Judgment (Order # 1).

The Division appealed the Decision After Hearing to a second Hearing Officer (Richard Thacheray). He held an administrative pre-hearing on November 9, 2020 and in a Decision After Hearing dated December 23, 2020, affirmed the prior decision. (R. at 13). The Hearing Officer also concluded that "… there is no meaningful distinction and no difference between the concept of a 'preexisting order' and an 'existing order' in the context of the present appeal." (R. at 8). Like the previous hearing officer (Diebold), Hearing Officer Thacheray construed

> Section 2001(5)(E) in such a manner that an obligor parent's child support is calculated by subtracting from gross annual income the combined amount of all other child support obligations preexisting at the time a judge or hearing officer is asked to order the establishment or modification of another child support obligation. (R. at 13).

As noted above, the second hearing officer determined that orders are "preexisting" if they were in existence prior to a court or an administrative hearing officer ruling on a request to establish or modify a child support order.

The central question is what did the Legislature intend by its use of the phrase "preexisting child support obligation?" Preexisting to what? Preexisting to the court

or administrative order that established the child support obligation in the first place? That is essentially the interpretation advocated for by the Division. Or "preexisting" in the sense that it is in effect prior to the court or administrative hearing officer ruling on any request to establish or modify a child support obligation? This is the position taken by the two hearing officers in this matter.

The Division has argued that the view adopted by the hearing officers renders the word "preexisting" mere surplusage. Moreover, the Division contends that the interpretation adopted by the hearing officers results in support obligations being deducted from gross income in multiple and duplicative ways. *See Respondent's Brief at 6-7.*

For their part, the hearing officers in their Decisions After Hearing point out that the language "preexisting child support obligation pursuant to court or administrative order" is not, by its terms, limited to the original order establishing the child support obligation. Furthermore, the legislative history of this language is not particularly helpful in resolving this issue.

The court can appreciate both the position advanced by the Division and the one adopted by the hearing officers. In researching this question, however, the court did uncover several decisions from other jurisdictions that have addressed, in one form or another, the meaning and application of "preexisting" child support obligations. All of the rulings the court has found support the interpretation adopted by the hearing officers in this matter.

For example, in *In re Marriage of Hannum*, 796 P.2d 57 (Colo. App. 1990), the father sought to have an adjustment made to the support order for the children of his first marriage based on a subsequent support order for the children of his second marriage. The trial court refused, holding that such a "set-off" did not apply to "later-born children." *Id.* at 58. The appeals court reversed, noting that under Colorado law, "adjusted gross income means gross income less preexisting child

support obligations . . . ." The court held that the statute made no reference to the birth order of any children, "[a]nd the term 'preexisting,' . . . clearly modifies the word 'obligations,' and does not . . . modify only the term 'child.'" *Id* at 58-59.

Similarly, in *Fuhrman v. Fuhrman*, 1996 Ohio App. LEXIS 4094 (Ohio App. 1996), the court construed the phrase "preexisting child support obligation" to include a second and subsequent support order because it "existed earlier or before the motion for modification filed in the instant case." *Id* at *6. The court observed that it believed this interpretation was fairer and more equitable because it avoids the situation where the "children of a first marriage will always profit at the expense of the children of any succeeding marriages or relationships." *Id.* at *9.

The same reasoning was employed in *In re Marriage of Nepote*, 1999 Kan.App. Unpub. LEXIS 89, *11 (Kan. App. 1999), where the court held that "a parent should receive an adjustment to or a deduction from their net income for preexisting child support obligations in other cases regardless of the order in which the support obligations arose." *See also Lacy v. Arvin*, 140 Md. App. 412, 780 A.2d 1180 (2001) ("When such a court order predates the point in time at which child support is being calculated for another child, and the monies directed to be paid have actually been paid, it meets the criteria spelled out in that statute and must be subtracted from the parent's actual income in calculating his adjusted actual income."). *Id* at 424.

This interpretation of the phrase "preexisting child support obligation" finds support in 19-A M.R.S. § 2002, which provides that the provisions of chapter 63, including the definitions of what is and what is not "gross income," apply "to a court action or administrative proceeding in which a child support order is issued or modified under . . . this Title . . . ."

Based on the authority cited above, the court finds that the interpretation of the phrase "preexisting child support obligation" adopted by the Hearing Officer is correct.

The entry is:

The Division's Petition for Judicial Review is DENIED, and the Decision After Hearing dated December 23, 2020 is AFFIRMED.

The clerk is directed to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Date: July 1, 2021

William R. Stokes
Justice, Superior Court

Entered on the docket 7/2/2021

Date Filed: 1/21/21                    Kennebec                    Docket No. AP-21-01
                                        County                                                    F

                                                                    **J. Stokes**

Action: 80C

Maine Department of
Health & Human Services                   vs          Jonathan Hayes, et al.

Plaintiff's Attorney                                  Defendant's Attorney

Benjamin Dyer, AAG                                    Jonathan Hayes
6 State House Station                                 9 Sugartree Road
Augusta, ME 04333                                     Saint David, ME 04773

Date of Entry

| | |
|---|---|
| 01/25/21 | Petition for Review of Final Agency Action, filed (1/21/21). s/Dyer, AAG |
| 02/09/21 | The Department of Health and Human Services' certified record filed. s/Dyer AAG |
| 02/11/21 | Certified Record, filed (2/9/21). s/Dyer, AAG |
| 02/11/21 | Notice & Briefing Schedule, issued<br>Copy to parties/counsel |
| 03/23/21 | Brief of Petitioner, filed (3/19/21). s/Dyer. Esq. |
| 07/02/21 | DECISION AND ORDER, Stokes, J. (7/1/21)<br>The Division's Petition for Judicial Review is DENIED, and the Decision After Hearing dated December 23, 2020 is AFFIRMED.<br>Copy to parties/counsel and repositories |
| 07/02/21 | Case closed |