### In re the MARRIAGE OF Violet J. ROBINSON, Appellee,

and

### William Robinson, Appellant.

### No. 81CA0971.

Colorado Court of Appeals,
Div. III.

Aug. 26, 1982.

Donald L. Brundage, P.C., Donald L. Brundage, Westminster, for appellee.

Jeffrey K. Holmes, Lakewood, for appellant.

KELLY, Judge.

In his appeal from the $2,500 judgment against him for child support arrearages for the period between October 1976 through May 1978, William T. Robinson argues that the amount by which the Social Security disability benefits paid to his minor child exceed the court-ordered child support should be credited against the child support arrearages which accumulated prior to his entitlement to benefits. Alternatively, he argues that he is not required to pay the arrearages because of a trial court order "abating" child support. We reject both claims of error and thus, affirm the judgment of the trial court.

The marriage of Violet Jean and William T. Robinson was dissolved by decree in January 1975. The permanent orders entered the following month required Robinson to pay child support of $125 a month. There followed numerous hearings concerning child support arrearages and visitation privileges.

In June 1979, the trial court entered an order "abating" Robinson's child support obligation "with leave for [Mrs. Robinson's attorney] to present evidence to counteract Court's order, or until Respondent is again employable." This order was entered after a hearing on visitation rights. The record does not reveal whether it was in response to a motion for abatement of child support filed by Robinson the previous year, and the order was not appealed.

In March 1981, Mrs. Robinson initiated contempt proceedings based on Robinson's default in payment of child support for the period from October 1976 through May 1978. At the hearing, Mrs. Robinson made no claim for child support for the months during which the daughter had received Social Security benefits.

Robinson defended the contempt citation on the basis that Social Security disability benefits for his daughter's support had been paid directly to her in a lump sum of approximately $6,000 in January 1981. He argues that because the amounts paid to his daughter from the Social Security Administration exceeded the total of the monthly amount due pursuant to court order during his disability, the excess should be applied to past-due support. We think not.

We agree with those courts which have ruled that Social Security disability benefit payments and Social Security retirement benefit payments for minor children may be credited toward the father's obligation to pay support. *Cash v. Cash,* 234 Ark. 603, 353 S.W.2d 348 (1962); *Horton v. Horton,* 219 Ga. 177, 132 S.E.2d 200 (1963); *Andler v. Andler,* 217 Kan. 538, 538 P.2d 649 (1975); *Cohen v. Murphy,* 368 Mass. 144, 330 N.E.2d 473 (1975); *Chase v. Chase,* 74 Wash.2d 253, 444 P.2d 145 (1968). However, as noted in *Chase, supra,* the disability and resulting entitlement to Social Security are changes in condition of the parties to be considered in modification proceedings, and the credit to be allowed by a trial court is discretionary, not automatic. "[M]any developments affecting the economic condition of the parties may have occurred which would not permit or warrant a modification of the decree to the extent of deducting the Social Security benefits for dependent children from the child support ordered in a decree of divorce." *Chase, supra.*

The reasons for the credit are plain: "The United States Congress has seen fit to place the federal government in the role of insurer in order to afford members of the work force the protection and security of insurance against future disability. The fundamental nature of the Social Security system is a form of insurance in every sense of that word. Benefits paid out by a governmental insurer, under a policy of insurance for which the insured has paid premiums, are no more gratuitous than benefits paid out by a private insurance company." *Andler v. Andler, supra.*

Nevertheless, in considering the extent of the setoff to be allowed, the *Andler* court ruled that a father is entitled to credit only up to the extent of his obligation for

monthly payments of child support, but not in excess thereof. The excess it regarded as a gratuity to the children. We agree with this rationale.

Alternatively, the father argues that he is not obligated to pay the arrearage because of the trial court's June 1979 order "abating" the child support. We do not interpret the order as having retrospective application. *See* § 14–10–122(1), C.R.S. 1973. Even if we assume that the order was entered pursuant to the father's motion for abatement filed the previous year, the order would not cover the period of time in question. *See In re Marriage of Walsh,* 44 Colo.App. 502, 614 P.2d 913 (1980).

Judgment affirmed.

SMITH and KIRSHBAUM, JJ., concur.