**In re the MARRIAGE OF William A. ROSSER, Jr., Appellee,**

**and**

**Patricia T. Rosser, n/k/a Jesse T. Rosser, Appellant.**

**No. 87CA1958.**

Colorado Court of Appeals, Div. III.

Dec. 22, 1988.

Bayer, Carey & McGee, P.C., Raymond G. Carey, Denver, for appellee.

Taussig & Taussig, John G. Taussig, Jr., Boulder, for appellant.

STERNBERG, Judge.

Jesse T. Rosser (mother) appeals the order modifying her child support obligation. Her principal contention of error is that the court abused its discretion in not allowing a deduction from the presumptive schedule obligation figure to reflect consideration of her obligation to pay child care costs for a child not of the subject marriage. We agree with this contention, and therefore, reverse.

The marriage of the parties was dissolved in 1974. They had three children born in 1968, 1969, and 1971. The mother was awarded custody of the children. In 1979, however, she found it necessary to leave the state of Colorado, and in June of 1981, pursuant to agreement of the parties, custody was changed to William A. Rosser, Jr. (father). An order to that effect was entered, and it was also provided that the children would spend summers with their mother. During the time the children were with her, the father was to pay child support. In 1985, the father's motion for reduction of child support payable to the mother was denied.

In 1987, the proceedings giving rise to this appeal took place. The father moved for a modification of the child support order based on a substantial and continuing change of circumstances that had occurred since the 1985 order. The court held in favor of the father, finding increased expenses of the children because one was enrolled in college and a second was expected to enroll, and finding that one of the children had certain mental health problems requiring significant expenditures for medical bills. The court also found a decrease in the father's monthly gross income to $4,274 and found the gross income of the mother to be $1,530 per month.

 By application of the guidelines for child support, § 14–10–115, C.R.S. (1987 Repl.Vol. 6B), the court ordered that the mother pay as child support from her $1,530 monthly income the sum of $503 per month. In so doing, the court held that it could not consider costs of child care attendant to the mother's support for the child not of this marriage residing with her.

In its order, the court correctly applied § 14–10–115(10)(a)(II) and § 14–10–115(7)(d), C.R.S. (1987 Repl.Vol. 6B). Those sections of the statute provide that for purposes of the guidelines, only preexisting child support obligations which exist as a result of a court order may be subtracted from gross income to arrive at a parent's income. *People in Interest of C.D.*, 767 P.2d 809 (Colo.App.1988). However, the general assembly, recognizing that strict application of the statute may not be fair, has provided a method in § 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6B) to allow a court to avoid inequitable

results achieved by strict mathematical application of guideline calculations.

We hold that, under the facts at issue here, the trial court abused its discretion in not deviating from the unjust result achieved by application of guideline calculations. The record showed that the mother, living in New York City, was supporting herself and her eight-year-old daughter on an income of $1,530 per month before payroll deductions. Requiring her to pay $503 per month for the support of the other children is excessive under her circumstances.

Our holding of abuse of discretion is also based on the father's gross monthly income of $4,274, which figure was at best a very slight decrease, and was at least partly attributable to an increase in his pension plan contributions. Similarly, entries on the father's affidavit for "recreation" at $1,200 per month and "miscellaneous" of $890 per month are questionable.

We note further in this regard that mental health bills for one of the children had been incurred in the past and were almost totally paid off by the time of the hearing. Also, the second child of the parties was not yet in college, so that expenses attributable to his college needs were also speculative. Finally, the father's voluntary loan to a sick brother, while laudatory, was not a proper item for consideration.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

VAN CISE and CRISWELL, JJ., concur.