In re the MARRIAGE OF Teresa Lucille KLUVER, Appellee,

and

Laverne William Kluver, Appellant.

No. 87CA1065.

Colorado Court of Appeals, Div. II.

Feb. 9, 1989.

Miller & Saxton, P.C., Carol J. Shively, Longmont, for appellee.

Johnson & Johnson, P.C., Dale E. Johnson, Boulder, for appellant.

ENOCH, Judge.*

In this case, father appeals the child support order the trial court entered on his motion to modify child support. We set aside the order and remand.

The parties executed a separation agreement, which was incorporated into their 1984 decree of legal separation. It awarded mother full custody of the two children and required father to pay $1,130 per month for support of the children. On November 5, 1985, father filed a motion to modify his child support obligation, alleging that the circumstances of both parties had changed, and that the child support award was almost 50% more than the amount provided by the child support guidelines, § 14–10–115, C.R.S. (1987 Repl. Vol. 6B).

Following a hearing, April 14, 1987, the trial court modified the support obligation. It ordered father to pay $689 per month, representing father's proportionate share of the basic child support obligation and his share of an additional amount for extraordinary medical expenses incurred by the parties' handicapped younger child.

The court also ordered father to pay an additional $111 per month for transportation expenses incurred by the mother and older child. The basis for this additional amount was the court's finding that father's behavior had caused mother and the children to move to a town where mother and the older child were forced to commute. Accordingly, the court concluded that commute "result[ed] in extraordinary transportation expenses for both of them."

We note, at the outset, that at the time of the trial court proceeding in April 1987, the applicable statute was Colo.Sess.Laws 1986, ch. 120, § 14–10–115, at 718. However, on remand, the provisions of § 14–10–115, C.R.S. (1987 Repl.Vol. 6B), which became effective July 10, 1987, are to be followed. Section 14–10–115(17), C.R.S. (1987 Repl.Vol. 6B).

On appeal, father contends that the trial court erred when it awarded as child support an additional $111 for extraordinary transportation expenses incurred by mother and the elder child. We agree.

▪▪▪ Neither under the former child support statute nor the present applicable amendment is there authority to charge one spouse with the transportation expense of the other spouse to and from the spouse's place of employment. Nor was there authority under the former statute to assess extraordinary education expenses for attending an institution of higher education unless such expenses were incurred or paid by agreement of both parents and approved by the court. *See* Colo.Sess. Laws 1986, ch. 120, § 14–10–115(13). Here, there was no such agreement by the parents.

However, on remand, pursuant to § 14–10–115(11) through (13), C.R.S. (1987 Repl.Vol. 6B), the trial court may add child care costs, extraordinary medical expenses, and extraordinary educational expenses, including higher education costs, to the basic child support obligation before dividing the obligation between the parents in proportion to their income. In order to award additional support for reasons not specified in the statute, or otherwise deviate from the guidelines, the trial court must find that the application of the guidelines would be inequitable, and make findings specifying the reasons for deviation. Section 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6B).

Furthermore, mother must be required to bear her proportionate share of the son's extraordinary transportation expenses. Section 14–10–115, C.R.S. (1987 Repl.Vol. 6B) contemplates a parent being responsible for the support of his *children*, not his former spouse, however reprehensible his behavior. *See* § 14–10–115(1), C.R.S. (1987 Repl.Vol. 6B). Furthermore, under the child support guidelines, a child's support, including extraordinary expenses, is to be borne by both parents in proportion to their adjusted gross incomes. Because

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

the trial court here ordered as child support an amount to reimburse *mother's* transportation expenses, and because mother was required to bear none of the child's extraordinary transportation expenses, we cannot affirm the court's child support order even under the provisions of § 14–10–115, C.R.S. (1987 Repl.Vol. 6B).

Father also contends that the trial court should have added the child's adjusted gross income to that of mother before determining father's proportionate share of the child support obligation. The court did not err in not considering the child's income because it was not required to do so under the then applicable statute.

However, on remand, under § 14–10–115(1)(a), C.R.S. (1987 Repl.Vol. 6B), the court is directed to consider the child's *financial resources in determining* support. Furthermore, § 14–10–115(13)(b), C.R.S. (1987 Repl.Vol. 6B) allows for a reduction of the basic support obligation (prior to apportionment) for "additional factors that actually diminish the basic needs of the child."

Therefore, *if* the trial court finds that the child's income is such that it does "actually diminish [the child's] basic needs," it is directed to reduce the basic child support obligation by an amount which represents that reduction in need (but not necessarily by the entire amount the child earns). After that reduction, the court should divide the remaining obligation between the parents in proportion to their adjusted gross incomes.

Because of this disposition, we need not address father's other contention of error. However, if the court finds that it would be inequitable to exclude the child's transportation expenses from the parents' support obligation, the court should make a finding with respect to when those expenses began, and should award them retroactively to that date only.

The child support order is set aside and the cause remanded for further hearing, if necessary, to determine the facts necessary to make the required findings and for a new order consistent with the views expressed in this opinion. Until such new order is entered, the original order for support shall remain in effect, with adjustments to be made, if appropriate, as of the date of the original filing for modification, November 5, 1985.

SMITH and REED, JJ., concur.