In re the MARRIAGE OF Michael R. BARRETT, Appellant,

**and**

Linda Ann Stephens, Appellee.

No. 89CA1341.

Colorado Court of Appeals, Div. II.

Aug. 16, 1990.

Sonheim, Helm & Less, Phillip A. Less, Arvada, for appellant.

No appearance for appellee.

Opinion by Judge HUME.

Michael R. Barrett (father) appeals the trial court's order modifying the amount of his obligation for child support payable to Linda Ann Stephens (mother). We affirm in part, reverse in part, and remand for rehearing or redetermination of the father's child support obligation.

## I.

First, the father contends that the trial court erred in declining to adjust the basic child support schedule by deducting the children's earnings from either their expenses for higher education or the basic support obligation established by the schedule. We disagree.

Section 14–10–115(13)(a)(III), C.R.S. (1987 Repl.Vol. 6B) provides that the court shall divide between the parties the expenses incurred by a child's attendance at an institution of higher education "minus contributions of the child that actually reduce [such] expenditures, including employment and scholarships or grants." Section 14–10–115(13)(b), C.R.S. (1987 Repl.Vol. 6B) also provides that "[a]ny additional factors that actually diminish the basic needs of the child may be considered for deductions from the basic child support obligation."

We interpreted these statutes in *In re Marriage of Kluver*, 771 P.2d 34 (Colo. App.1989) in remanding a support order with directions that the trial court consider a child's independent financial resources in determining support. In so doing, we noted that the support obligation should be reduced "by an amount which represents that reduction in need (but not necessarily by the entire amount the child earns)."

Under the father's interpretation of §§ 14–10–115(13)(a)(III) and 14–10–155(13)(b), a child's earnings from employment must inevitably be deemed to "actually reduce expenditures for higher education" or to "diminish the child's basic need" for support. However, in our view, such an arbitrary presumption runs contrary to the purpose of § 14–10–115(1) & § 14–10–115(3), C.R.S. (1987 Repl.Vol. 6B), which direct the court to determine amounts reasonable or necessary for a child's support and to provide relief from inequities resulting from the rigid application of the guidelines.

We conclude that the extent to which a child's income is or should be applied to the payment of extraordinary educational expenditures or the satisfaction of the child's basic needs is a question of fact to be determined by the trial court under the

totality of circumstances in each case. *Cf. In re Marriage of Olar,* 747 P.2d 676 (Colo. 1987) (trial court determines what constitutes "reasonable needs" and "appropriate employment" for a spouse seeking maintenance).

Thus, a trial court is not bound to deduct automatically the entire amount of a child's income from his or her educational costs or from the basic child support obligation. Rather, the court must determine whether and to what extent such income reasonably should be applied to reduce his or her need for parental support.

Here, the mother testified that the older child applied her income from part-time employment toward a car payment and her own automobile insurance. Nothing in the record suggests that application of her earnings was unnecessary, wasteful, or unreasonable. Nor is it apparent that such use of the child's earnings actually reduced her need for parental support or diminished the costs of her higher educational needs.

The mother further testified that the younger daughter was involved in various athletic activities that precluded her from working during the summer before she entered college. In addition, the younger daughter had been advised not to work during her first two years of college because the time required to maintain a scholastic scholarship and two athletic scholarships would not leave time for employment.

In our view, this evidence was sufficient to support the court's exercise of its discretion in refusing to allow a deduction for either child's earnings in computing the parental child support obligation. Finding no abuse of discretion, we decline to disturb the trial court's ruling. *See In re Marriage of Rosser,* 767 P.2d 807 (Colo. App.1988).

## II.

■ The father also contends that the court erred in refusing to deviate from the child support guidelines in the light of evidence that certain items allocated as basic child support were duplicated and added as extraordinary education costs. We agree in part.

Here, the trial court recognized that college room and board expenses allowed as adjustments under § 14–10–115(13)(a)(III) were in part duplicative of expenses already included in the basic support guidelines. However, the court reasoned that the mother would continue to incur a domiciliary room expense for the child regardless of her attendance at college. In addition, the court found that there were other offsetting indirect costs for books, supplies, transportation, and other personal expenses which would be increased by the child's attending college. Thus, the trial court concluded that the father should pay 84 percent of the basic child support obligation to the mother and 84 percent of the costs of the child's tuition, room, and board directly to the college.

We agree with the trial court's conclusion that the mother would be required to expend a certain portion of the basic child support obligation on those miscellaneous expenses associated with attending college, and that some duplicative room expense was a necessary continuing expense factor in the determination of basic support. However, we also agree with the father's contention that it is inequitable for the court to ignore the obvious duplication in costs for room and board at college during the school year. It is excessive for the court to require the father to bear both 84 percent of the basic child support obligation that includes room and board expenses expected to be incurred if the child lived in the mother's home and 84 percent of duplicative board and room expenses at college.

We hold, therefore, that the trial court abused its discretion in refusing to deviate from a strict application of the guideline calculations for basic child support to provide relief from expenses which, at least in part, were demonstrated to be duplicative. *See In re Marriage of Rosser, supra. See also* Colo.Sess.Laws 1990, ch. ——, § 14–10–115(13)(a)(II) at —— (H.B. 90–1254 enacted effective July 1, 1990).

## III.

■ Relying on *In re Marriage of Serfoss,* 642 P.2d 44 (Colo.App.1981), the fa-

ther also contends that the court erred in requiring him to be proportionately responsible for payment of a debt incurred by the mother to pay for the older child's education at a trade school. We disagree.

■ In entering a child support order, the facts and circumstances of the parents and children as of the time of the hearing on support control. *In re Marriage of McKendry*, 735 P.2d 908 (Colo.App.1986).

In *In re Marriage of Serfoss, supra,* the parties' 1975 decree of dissolution did not provide for child support. In 1980, the mother moved for an order of retroactive child support. The trial court awarded her the cost of supporting the parties' children from the time of the decree in 1975 until the date of judgment in 1980. In reversing the judgment, we held that a husband cannot be required to reimburse his former spouse for amounts she expended for child support prior to the entry of a child support order.

Here, the mother obtained a loan to enroll the older child in a trade school in December 1988. She filed her motion to modify on January 17, 1989. In April 1989, when the motion was heard, that child continued to attend school and the mother was making monthly payments toward the obligation. The trial court, relying on the facts and circumstances of the parents and children at the time of the hearing, apportioned between the parties only that amount which remained outstanding at the time the motion was filed. *See* § 14–10–122(1)(a), C.R.S. (1987 Repl.Vol. 6B). Under these circumstances, father's reliance on the *Serfoss* ruling is misplaced, and we find no error in the court ordering the father to pay his portion of the remaining obligation.

## IV.

Finally, the father maintains that the court erred in concluding that mother was not underemployed. However, this determination is supported by the evidence and is, therefore, binding on appeal. *See In re Marriage of Marshall*, 781 P.2d 177 (Colo. App.1989).

Those portions of the order determining that the children's incomes did not require deviation from the guidelines, that the father is obligated to pay a portion of the remaining debt incurred for the older child's education at a trade school, and that the mother was not underemployed are affirmed. That portion of the order determining the basic child support obligation without deviation from the guidelines for duplicative expenses is reversed, and the cause is remanded for redetermination of that issue.

STERNBERG, C.J., and RULAND, J., concur.