**In re the MARRIAGE OF Mary Elizabeth POLLOCK,**
Appellee,

and

**Charles Bruce Pollock, Appellant.**

**No. 93CA1470.**

Colorado Court of Appeals,
Div. II.

Aug. 11, 1994.

Bonnie M. Schriner, Denver, for appellee.

DiManna & Jackson, Michael F. DiManna, Lucy Hojo Denson, Denver, for appellant.

Opinion by Judge PIERCE.*

In this post-dissolution of marriage proceeding, Charles Bruce Pollock (father) appeals an order modifying his child support obligation and awarding attorney fees to Mary Elizabeth Pollock (mother). We affirm in part, reverse in part, and remand for clarification of the order and further proceedings.

## I.

▮ The father first contends, in essence, that the trial court erred in ordering him to pay an unlimited amount toward the college expenses of the parties' children. We agree that the order should be clarified.

Under § 14–10–115(1.5)(b)(I), C.R.S. (1993 Cum.Supp.), if the trial court finds that it is appropriate for the parents to contribute to the costs of a program of post-secondary education, it must order them to contribute a sum determined to be reasonable for the educational expenses of the child, taking into consideration the resources of each parent and the child.

Here, when the order was entered, the children's educational expenses could only be estimated. The mother presented worksheets showing net educational expenses of about $5700 for one child and $6600 for the other. From the bench, the court noted that those figures were subject to change and ordered the father to pay a percentage of them. In the written order, the court did not refer to specific dollar amounts.

The record adequately supports a determination that, in light of the resources of the parents and children, the father's percentage of those estimated expenses would be a reasonable contribution. However, on remand, the court is directed to clarify the written order to state the sum that the father is required to pay.

Because the question may arise on remand, we note that the order appealed here was entered April 23, 1993, and on that date, as the father argues, there was no statutory limit on the amount of a parent's contribution to post-secondary education expenses. See Colo.Sess.Laws 1992, ch. 33, § 14–10–115(1.5)(b)(I) at 166. That statute was applicable to "orders establishing or modifying child support obligations entered on or after" August 1, 1992. Colo.Sess.Laws 1992, ch. 33 at 172.

That statute was amended so that, as to "child support obligations established or modified on or after" July 1, 1993, "under no circumstances shall the obligor be ordered to pay more for postsecondary education expenses annually than such obligor was required to pay annually under the most recent child support order." Colo.Sess.Laws 1993, ch. 270 at 1556. However, that limitation subsequently was deleted from the statute, Colo.Sess.Laws 1994, ch. 266 at 1536–37, and so has no application here.

## II.

▮ The father next contends that the trial court erred in failing to take into account significant assets of the children to

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

defray post-secondary educational expenses. We disagree.

The extent to which a child's income should be applied to the payment of educational expenses or basic support is a question of fact to be determined by the trial court under the totality of circumstances in each case. *In re Marriage of Barrett,* 797 P.2d 848 (Colo.App.1990); *see* § 14–10–115(1.5)(b)(I), C.R.S. (1993 Cum.Supp.).

Here, the trial court fully considered the children's assets and determined that they should be preserved and used for educational expenses after age 21 and personal expenses while in college. That determination is supported by the record and well within the court's discretion. *See In re Marriage of Ansay,* 839 P.2d 527 (Colo.App.1992); *In re Marriage of Barrett, supra; see also In re Marriage of Pring,* 742 P.2d 343 (Colo.App. 1987).

### III.

The father also contends that the trial court erred in the division of uninsured medical expenses. We agree.

Under § 14–10–115(12)(a), C.R.S. (1987 Repl.Vol. 6B), extraordinary medical expenses incurred on behalf of the children are to be added to the basic child support obligation and divided between the parents in proportion to their adjusted gross incomes. Under § 14–10–115(1.5)(b)(II), C.R.S. (1993 Cum.Supp.) such expenses may be divided as post-secondary education expenses, in proportion to the parties' adjusted gross incomes. *See also* § 14–10–115(1.5)(e), C.R.S. (1993 Cum.Supp.) (post-secondary education support "shall, if appropriate, include reasonable and necessary … extraordinary medical expenses….").

Here, the court did not follow these statutory provisions in dividing the medical expenses, nor did it make the necessary factual findings to support a deviation from the guideline. *See* § 14–10–115(3)(a), C.R.S. (1993 Cum.Supp.).

Therefore, on remand, the court is directed to reconsider the division of uninsured medical expenses.

### IV.

The father also contends that the trial court erred in awarding attorney fees to the mother. He argues that there was insufficient evidence of the reasonableness of the fees charged. We disagree.

Here, the testimony of the mother and her attorney and the attorney's affidavit adequately support the award. Contrary to the father's assertion, additional expert testimony was not required for an award under § 14–10–119, C.R.S. (1987 Repl.Vol. 6B). *See In re Marriage of Sarvis,* 695 P.2d 772 (Colo.App.1984).

### V.

Finally, we do not address the father's contention, raised for the first time on appeal, that the trial court should have applied the law of the children's domicile, rather than Colorado law, in determining child support. Father's trial counsel waived that objection. *See In re Marriage of Renier,* 854 P.2d 1382 (Colo.App.1993).

The order is reversed as to the division of post-secondary educational expenses and uninsured medical expenses and is affirmed in all other respects. The cause is remanded to the trial court for entry of a new order specifying the amount of the father's contribution to the post-secondary educational expenses and for further proceedings to reconsider and enter a new order dividing the uninsured medical expenses.

CRISWELL and TAUBMAN, JJ., concur.