In re the **MARRIAGE OF Connie PARKER, Appellant,**

and

**John Thomasson, Appellee.**

No. 93CA2122.

Colorado Court of Appeals, Div. V.

Nov. 3, 1994.

Jeffrey S. English, Lakewood, for appellant.

Polidori, Gerome, Franklin and Jacobson, Peter L. Franklin, Barry Seidenfeld, Lakewood, for appellee.

Opinion by Judge BRIGGS.

In this post-dissolution of marriage proceeding, Connie Parker (mother) appeals the order modifying the child support and post-secondary education expense obligations of John Thomasson (father). We reverse the order and remand the cause for a new order.

Under the parties' separation agreement, as previously modified, the father was obligated to pay $700 per month support for the parties' two children, health insurance of $58 per month, and one-half of the children's higher education expenses, including tuition and room and board.

In February 1993, the father moved for further modification because the parties' older child was then in college. In July, while that motion was pending, the father adopted another child.

The trial court found that the mother's adjusted income was $3316 per month and that the father's was $3932, after a $611 adjustment for the adopted child. The court therefore ordered the father to pay $481 per month child support for the parties' younger child. Even though it calculated a larger amount, the court further ordered the father to pay a total of $277 per month for the older child's "postsecondary education" and "room and board" for time with the mother "in excess of thirty days when school is not in session," pursuant to § 14–10–115(1.5)(b)(I), C.R.S. (1994 Cum.Supp.). As a result, the father's obligations totalled $758, the same amount he had paid for both children under the prior order. Although the court made the order effective February 1993, it was actually entered October 1993.

## I. Limit on Postsecondary Education Expenses

Mother contends that the trial court erred in limiting the father's obligation for current child support, postsecondary education expenses, and non-college room and board to the total amount of the last child support order. We agree.

Until July 1993, there was no statutory limit on the amount of a parent's contribution to postsecondary education expenses. Colo. Sess.Laws 1992, ch. 33, § 14–10–115(1.5)(b)(I) at 166–67, 172; see also In re Marriage of Pollock, 881 P.2d 470 (Colo.App. 1994). However, the statute was amended as to obligations established or modified on or after July 1, 1993, so that "under no circumstances shall the obligor be ordered to pay more for postsecondary education expenses annually than such obligor was required to pay annually under the most recent child support order." Colo.Sess.Laws 1993, ch. 270 § 14–10–115(1.5)(b)(I) at 1556, 1566.

We note at the outset the mother does not challenge the trial court's conclusion that the obligation to pay postsecondary education expenses can and should be modified or that, in doing so, the statutory cap should apply. Thus, we do not address these issues, and restrict our review to the court's application of the cap.

The limitation set forth in the 1993 amendment is susceptible to differing interpretations. For example, when the obligor has been required to pay support for more than one child, the limitation could be construed to apply to the total amount of the obligation for all children or to apply to the amount of obligation calculated as if the child now receiving postsecondary education had been the only child.

When the statutory language lends itself to alternative constructions and its intended scope is unclear, a court may look to pertinent legislative history to determine the purpose of the legislation. Section 2–4–203(1)(c), C.R.S. (1980 Repl.Vol. 1B); Passamano v. Travelers Indemnity Co., 882 P.2d 1312 (Colo.1994). The goal is to determine and give effect to the intent of the General Assembly and adopt the statutory construc-

tion that best effectuates the purposes of the legislative scheme. Martin v. Montezuma–Cortez School District RE–1, 841 P.2d 237 (Colo.1992).

The legislative history of the 1993 amendment provides little guidance as to the legislative intent. However, in 1994 the statute was amended again, so that the limit on the obligation for postsecondary education expenses now is "the amount listed under the [child support guideline] for the number of children receiving postsecondary education." Section 14–10–115(1.5)(b)(I), C.R.S. (1994 Cum.Supp.).

Although generally a statutory amendment is presumed to have been intended to change the law, the legislative history may indicate that the amendment was intended instead as a clarification. See Rickstrew v. People, 822 P.2d 505 (Colo.1991). And, when an amendment is intended to clarify the intent of an earlier statute, such legislative clarification of the earlier statute is entitled to great weight. BQP Industries, Inc. v. State Board of Equalization, 694 P.2d 337 (Colo.App.1984); see Colorado Department of Social Services v. Bethesda Care Center, Inc., 867 P.2d 4 (Colo.App.1993).

Here, the legislative history makes clear that the 1994 amendment, as it pertains to the method of calculating the limit on postsecondary education expenses for one of multiple children, was intended to clarify rather than change the statute. Hearings on S.B. 88 before the Senate Judiciary Committee, 59th General Assembly, Second Session (February 7, 1994) (comments of Senator Wells, sponsor of both the 1993 and 1994 bills). Although that amendment is not itself free from ambiguity, it would appear that the limit would be the amount calculated as if the child now receiving the postsecondary education had been the only child.

Such an interpretation is consistent with the legislative history of the 1994 amendment. During those legislative proceedings, Senator Wells explained how the limitation was intended to work by giving an example of a family with a combined gross income of $4000 and three children. The senator stated that, under the child support guideline at

that income level, support for one child would be about $500 and, when the oldest child goes to college, that amount would be the cap for that child's postsecondary education expenses. In the senator's example, the total obligation for that child and the two remaining children would exceed the total of the child support obligation for three children under the guidelines. Hearings on S.B. 88, *supra*.

We therefore conclude that the order must be reversed and the cause remanded to the trial court for recalculation of the father's share of the older child's postsecondary education expenses. On such remand, even though the mother does not contest the application of the statutory cap, the court should consider that there was no limit on postsecondary education expenses until July 1993. It should calculate the limit thereafter as if the child receiving the postsecondary education had been the only child.

## II. *Credit for Adopted Child*

The mother contends that the trial court erred in adjusting father's income, effective February 1993, for the child he adopted in July 1993. We conclude the cause must be remanded for additional findings of fact and conclusions of law.

An adjustment to income is available under § 14–10–115(7)(d.5)(I), C.R.S. (1994 Cum. Supp.) "if a parent is also legally responsible for the support of other children." The father argues, and the trial court apparently agreed, that the father should be entitled under this provision to a credit from the date of the temporary or permanent placement.

■ However, the nature of the placement is not clear from the record and the father has cited no authority regarding legal responsibility for support during a placement. Further, the trial court did not include in its order any findings of fact or conclusions or law which would enable us to understand the basis of its order. The cause must therefore be remanded for further findings of fact and conclusions of law. *See* C.R.C.P. 52; *Micciche v. Billings*, 727 P.2d 367 (Colo.1986); *In re Marriage of Van Inwegen*, 757 P.2d 1118 (Colo.App.1988).

The order is reversed, and the cause is remanded to the trial court for entry of a new order consistent with the views expressed in this opinion.

RULAND and TAUBMAN, JJ., concur.