In re the **MARRIAGE OF Janice PAYAN, Appellant,**

**and**

**Rudolfo Guererro Payan, Appellee.**

No. 94CA0283.

Colorado Court of Appeals, Div. I.

Jan. 12, 1995.

Litvak and Litvak, P.C., Lawrence Litvak, Timothy R.J. Mehrtens, Denver, for appellant.

Polidori, Gerome, Franklin and Jacobson, Peter L. Franklin, Lakewood, for appellee.

Opinion by Judge KAPELKE.

In this dissolution of marriage action, Janice Payan (mother) appeals the trial court's order determining the amount of child support payable by Rudolfo Payan (father). We reverse and remand with directions.

During the marriage, the parties' two children attended a private school. The trial court determined in its order that the cost of the private schooling should not be included in child support because there was no evidence that "the children had a learning disability or other special need which makes private school education required." However, the trial court did grant mother, as sole custodian, exclusive control over a $138,000 educational fund, with leave to use a portion of the fund for pre-college education for the children.

The parties had also retained the services of a nanny during the marriage to care for the children. The trial court made no findings as to child care but concluded that the child support obligation would not include the cost of a nanny.

## I.

Mother first contends that the trial court erred in determining that, because the children did not have a learning disability or special educational needs, the cost of private school would not be included in the calculation of child support. We agree.

For the purposes of calculating child support, any reasonable and necessary expenses for attending any special or private elementary or secondary school to meet the "particular educational needs" of the child are to be divided between the parents in proportion to their adjusted gross income. Section 14–10–115(13)(a)(I), C.R.S. (1987 Repl.Vol. 6B).

The trial court interpreted this statute as requiring the presence of a learning disability or other special need before the cost of private school can be awarded as an element of child support. Viewing the statute as a whole, we disagree with this interpretation.

Under § 14–10–115(1)(c), C.R.S. (1987 Repl.Vol. 6B), the trial court must consider, when calculating child support, the standard of living the child would have enjoyed had the marriage not been dissolved. In this context, the means of meeting the "particular educational needs" of a child are not limited to providing private schooling only when a child has a learning disability or otherwise qualifies for a program of special education.

Here, the record indicates that both children had been attending the private school for a number of years before the dissolution of the marriage. That factor may properly be considered by the trial court in determining whether continuing enrollment at the school therefore meets the children's particular educational needs. *See, e.g., In re Marriage of Alexander,* 231 Ill.App.3d 950, 173 Ill.Dec. 456, 596 N.E.2d 1335 (1992).

Because the trial court employed too narrow a standard in determining that the cost of private school should not be included in child support, the child support award cannot stand and the matter must be remanded with directions that the trial court reconsider the

propriety of including the cost of such schooling under the standard we have set forth. On remand, the trial court may consider the potential availability of the $138,000 educational fund in determining whether and to what extent the costs of the private school should be included in child support. *See In re Marriage of Barrett*, 797 P.2d 848 (Colo. App.1990).

## II.

 Mother also contends that the decision to exclude from child support the cost of a nanny for the younger child is erroneous. We agree that a remand is necessary on this issue.

Child care costs are includable in child support if they are a result of employment or job search of either parent and do not exceed the level required to provide quality care from a licensed source. Section 14–10–115(11), C.R.S. (1987 Repl.Vol. 6B). The guidelines establish a rebuttable presumption that, if these requirements are met, child care costs are to be added to the child support obligation. *See* § 14–10–115(3)(a), C.R.S. (1994 Cum.Supp.); *In re Marriage of Miller*, 790 P.2d 890 (Colo.App.1990). However, if the court deviates from the guidelines, then the deviation must be supported by specific findings. Section 14–10–115(3)(a); *In re Marriage of English*, 757 P.2d 1130 (Colo.App.1988).

Here, the trial court did not make findings to justify its deviation. On remand, the trial court is directed to reconsider the child care costs under the standard set forth in § 14–10–115(11) and, if necessary, to make findings to support any deviation from the presumptive guidelines.

The order awarding child support is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion. Pending the entry of a new support order, the present order shall remain in full effect.

METZGER and CRISWELL, JJ., concur.