In re the **MARRIAGE OF Elizabeth EATON, f/k/a Elizabeth E. Rigg,** Appellant and Cross–Appellee,

and

**John Brownlee Rigg, Jr., Appellee and Cross–Appellant.**

No. 93CA0747.

Colorado Court of Appeals, Div. I.

March 23, 1995.

Wedgle & Shpall, P.C., Richard J. Wedgle, Murray Wilkening, Denver, for appellant and cross-appellee.

John Brownlee Rigg, Jr., pro se.

Opinion by Judge CASEBOLT.

In this post-dissolution of marriage proceeding, Elizabeth Eaton (mother) appeals and John Brownlee Rigg, Jr. (father) cross-appeals orders concerning postsecondary education expenses and child support. We affirm in part, reverse in part, and remand for further proceedings.

When the parties' marriage was dissolved in 1981, mother and father agreed to joint custody of their three children; mother was the primary residential custodian and father was ordered to pay support of $350 per month per child.

In 1992, father moved for a determination of postsecondary educational support for the oldest child. He also moved for modification of support for the two younger children. After a hearing in March 1993, the trial court set father's postsecondary education obligation at $649 per month and support for the other children at $819 per month.

Thereafter, based on a July 1993 amendment to the child support statute concerning postsecondary education, father sought modification of his obligation. After another hearing, the court denied father's motion.

## I.

■ Mother contends that, in view of the child's needs and desires and the parents' financial abilities, the trial court erred by limiting to $12,000 per year the parents' contributions to the oldest child's college expenses. We agree that the contributions must be reconsidered.

The version of the statute applicable here provided that, if the trial court found it was appropriate for the parents to contribute to the costs of a program of postsecondary education, it must order them to contribute a sum determined to be reasonable for the educational expenses of the child, taking into consideration the resources of each parent and the child. Colo.Sess.Laws 1992, ch. 33, § 14–10–115(1.5)(b)(I) at 166–167, 172; see *In re Marriage of Pollock*, 881 P.2d 470 (Colo.App.1994); see also *In re Marriage of Parker*, 886 P.2d 312 (Colo.App.1994) (regarding subsequent amendments to that provision).

Here, the main question was the appropriate amount of the parents' contributions. The child had applied to several private out-of-state schools that would meet his particular needs and desires; each cost approximately $24,000 per year. The child also applied to an in-state school that would cost approximately $10,000 per year; however, that school did not meet his particular needs or criteria.

The trial court found that the child's criteria were too narrow and that mother had not explored other options, including the child's contributions and the availability of student loans. The court considered mother's "substantial assets and substantial net worth," and concluded that $24,000 was not "absolutely necessary" and $12,000 per year was appropriate.

■ Based on those findings and conclusions, the trial court did not apply the proper standard in determining the parents' contributions. The statute does not require that the expenses be "absolutely necessary," but only that they be reasonable. Nor does the record support the trial court's findings that mother failed to pursue relevant alternatives, both as to schools and financial resources, or that father was not involved in the process. Further, the parents' inability to cooperate and make joint decisions in this area is not a basis for limiting the support available to the child.

Moreover, in addition to considering mother's financial resources, the court must consider father's and the child's resources as well. See § 14–10–115(1.5)(b)(I); *In re Marriage of Pollock, supra*. In that regard, it was undisputed that the child had an account funded by his paternal grandparents.

Accordingly, on remand the trial court is directed to consider the parties' contributions to the oldest child's postsecondary education expenses and enter a new order supported by the record and the then applicable statutory provision. *In re Marriage of Parker, supra*. Particularly in light of the limitations placed on the presentation of evidence during

the first hearing, and because the trial judge on remand will be different, the trial court should conduct a new hearing on this issue. *See In re Marriage of Lee,* 781 P.2d 102 (Colo.App.1989); *see also In re Marriage of Goellner,* 770 P.2d 1387 (Colo.App.1989).

## II.

■ On cross-appeal, father contends that the trial court erred in refusing to apply the July 1993 amendment to § 14–10–115(1.5)(b)(I), and in rejecting his motion to modify. We disagree.

The statute was amended so that, as to "child support obligations established or modified on or after" July 1, 1993, "under no circumstances shall the obligor be ordered to pay more for postsecondary education expenses annually than such obligor was required to pay annually under the most recent child support order." Colo.Sess.Laws 1993, ch. 270, § 14–10–115(1.5)(b)(I), at 1556 (amended again in 1994, Colo.Sess.Laws 1994, ch. 266 at 1536–37); *see In re Marriage of Parker, supra.*

Here, the statute had no application because, first, the "most recent child support order" was the March 1993 order and not, as father contends, the order that was in place before that date, and second, father was not being required to pay more, as of July 1, 1993, than the amount set forth in the March 1993 order.

■ As to the balance of father's motion to modify, we note that postsecondary educational support may be modified in the same manner as child support. Section 14–10–115(1.5)(d), C.R.S. (1994 Cum.Supp.). Generally, child support obligations may be modified upon a showing of changed circumstances that are substantial and continuing. Section 14–10–122(1)(a), C.R.S. (1994 Cum. Supp.). The trial court retains jurisdiction to determine whether changed circumstances are sufficiently substantial or continuing as to require the child support order to be modified. *In re Marriage of Pugliese,* 761 P.2d 277 (Colo.App.1988).

■ Here, the trial court properly denied father's motion for modification, which was based solely on the statutory amendment and did not allege any substantial or continuing change in the parents' or the child's circumstances. *See In re Marriage of Oberg,* —— P.2d —— (Colo.App. No. 93CA1621, November 17, 1994) (amendment of statute concerning allocation of tax exemptions did not justify modification of existing allocation).

## III.

■ Mother next contends that, in view of the youngest son's needs and the financial abilities of the parties, the trial court erred in refusing to consider the cost of sending the youngest son to a private school as a reasonable and necessary child support expense. We agree that part of the child support calculation must be reconsidered.

By agreement of the parties or order of the court, reasonable and necessary expenses for attending any special or private elementary or secondary schools to meet the particular educational needs of the child are to be divided between the parents in proportion to their adjusted gross income. Section 14–10–115(13)(a)(I), C.R.S. (1994 Cum.Supp.).

■ The "particular educational needs of the child" are not to be construed narrowly as only encompassing learning disabilities. Rather, child support may include an amount to allow a child to attend private school if circumstances warrant. *In re Marriage of Payan,* 890 P.2d 264 (Colo.App.1995).

■ Here, the court found that private school was an appropriate placement for the child, but that mother made the decision unilaterally without consultation with father. The court concluded that it was not persuaded that the private schooling "is absolutely a requirement or is a necessary requirement for this child." In so ruling, the trial court applied an incorrect standard. "Absolute requirement" or "necessary requirement" is not the appropriate standard to apply. *See In re Marriage of Payan, supra.*

■ The parties' two older children attended private schools and, when father objected to the school chosen for the youngest child, he suggested both private and public schools as options. Further, the parties' ina-

bility to make joint decisions is not an appropriate statutory basis for relieving a parent from an obligation to contribute to reasonable and necessary school expenses.

The parties concede that the child is no longer enrolled in private school. Therefore, on remand the trial court is directed to consider whether the private schooling met the child's particular educational needs and accordingly redetermine father's child support obligation for the period from the filing of the motion for modification until the child entered public school. Additionally, the trial court should determine whether private schooling would meet the child's current educational needs, and if so, it should make appropriate adjustments to the current child support.

### IV.

 Father contends that the trial court erred in calculating his income for child support purposes by refusing to allow deductions for losses in excess of income from rental property. We disagree.

Under the child support guideline, "gross income" from rental property means gross receipts minus ordinary and necessary expenses required to produce such income. Section 14–10–115(7)(a)(II)(A), C.R.S. (1994 Cum.Supp.). Those ordinary and necessary expenses do not include the accelerated component of depreciation expenses or any other expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support. Section 14–10–115(7)(a)(II)(B), C.R.S. (1994 Cum.Supp.).

The fact that certain items may be deductible on a party's federal income tax return does not require exclusion from gross income under the child support guideline. *See In re Marriage of Baroni,* 781 P.2d 191 (Colo.App.1989).

Here, the trial court did not err in disallowing father's rental property expenses, which included an unspecified amount of accelerated depreciation, to the extent those expenses were greater than father's income from that property. The court could properly conclude that those excess expenses were inappropriate deductions for child support calculation purposes.

In view of our disposition of mother's other contentions, we need not address her argument that the trial court erred in limiting the time for presentation of evidence.

Those parts of the order determining the contributions to the oldest child's postsecondary education expenses and excluding the youngest child's private school expenses from the child support calculation are reversed, and the cause is remanded for a new hearing and a new order in accordance with the views expressed in this opinion. In all other respects the orders are affirmed.

METZGER and MARQUEZ, JJ., concur.