**In re the MARRIAGE OF Richard T. CROPPER, Appellant,**

**and**

**Karin U. Cropper, a/k/a Karin U. Sedach, Appellee.**

**No. 94CA1070.**

Colorado Court of Appeals, Division III.

April 6, 1995.

Johnson & Knoll, Joffre M. Johnson, Denver, for appellant.

Kurtz & Peckham, Mary C. Peckham, Denver, for appellee.

Opinion by Judge HUME.

Richard T. Cropper (father) appeals from an order that he pay $75 per month child support to Karen U. Sedach (mother) for the parties' unemancipated child. We affirm.

The facts are undisputed. The marriage of the parties was dissolved in 1983, and two of the three children are emancipated. However, the parties' 24–year–old daughter is mentally retarded and requires ongoing assistance from her mother, with whom she continues to live. The daughter is employed by a supermarket, at a location which is on a bus route from her home, and earns $700 net income per month.

Father ceased paying child support when the daughter reached the age of 21. Mother filed a motion for continued child support in November 1993, seeking support and payment of medical expenses from October 24,

1990, the date on which the daughter became 21, and father objected to the payment of any support. The payment of medical expenses was resolved by stipulation of the parties.

■ Section 14–10–115(1.5)(a)(II), C.R.S. (1994 Cum.Supp.) provides that emancipation occurs and an order for child support terminates when a child attains nineteen years of age, unless the child is then mentally or physically disabled. And, if a child is physically or mentally incapable of self-support upon attaining majority at age 21, the duty of parental support continues for the duration of the disability. *Koltay v. Koltay,* 667 P.2d 1374 (Colo.1983).

After a hearing, the trial court found that the child is undisputedly mentally retarded and that the parties had stipulated that she is disabled and incapable, at least for nonfinancial reasons, of living on her own. The court also found that mother's income was $2575 per month and that father's total income was $1894 per month, which included $1343 from his regular employment, $201 from miscellaneous lawn jobs, and $350 per month from renting out his basement.

In rejecting father's position that his net rental income was zero, the trial court specifically found that "[i]t is not at all clear to me what additional expenses above and beyond the ordinary expense of having a home in the first place are incurred by having a renter."

The court also determined that the daughter's entire paycheck should be offset against the basic child support obligation, without any adjustment for the $55 per week that was deposited into a voluntary savings plan. The court noted that this resulted in a "recommended" child support obligation of minus $40 under the child support guidelines.

However, the court also found that because of the daughter's condition, there was a whole universe of unquantifiable, indescribable costs that mother incurred every day in caring for her that were not encompassed within the child support guideline. Thus, the court concluded that it would depart from the recommended support obligation and it ordered father to pay mother the sum of $75 per month retroactive to November 1993.

## I.

Father contends that the trial court erred as a matter of law in ordering continuing child support because mother failed to show a need for support beyond those costs and expenses which are subsumed within the presumed amount of support. We disagree.

■ Application of the child support guidelines establishes an amount of support that is presumed to be necessary to meet a child's needs. *See In re Marriage of Schwaab,* 794 P.2d 1112 (Colo.App.1990). However, the extent to which an unemancipated child's income should be used to defray basic support obligations is within the trial court's discretion and depends upon the totality of circumstances in a particular case. *In re Marriage of Pollock,* 881 P.2d 470 (Colo.App.1994).

■ Whether the child's earnings actually reduce the need for parental support will vary from case to case. Therefore, the trial court is not bound to deduct automatically the entire amount of a child's income from the basic child support obligation, but must determine to what extent such income reasonably should be applied to reduce parental support. *In re Marriage of Barrett,* 797 P.2d 848 (Colo.App.1990).

■ In addition, a trial court does not err if it requires parents who are legally responsible for support to contribute to a dependent child's needs in lieu of requiring the child to expend all of his or her own resources. *In re Marriage of Pring,* 742 P.2d 343 (Colo.App. 1987).

■ Here, mother's uncontradicted evidence showed that the child's needs were over $900 per month. She testified generally that one-half of her monthly expenses should be allocated to her daughter because it was necessary that both she and her adult child have their own "space" in the two-bedroom condominium that was purchased because of its location. Mother also testified specifically to additional expenses that were solely for the benefit of her daughter, including clothing, bus tokens, cable TV, hair care, and recreation. Such testimony was relevant to the determination of the amount of support

necessary to meet the daughter's reasonable and basic needs and to rebut the presumption that the support calculated under the guideline was sufficient to meet those needs.

In addition, mother testified that $55 of the daughter's check was deposited into a savings account, which was used for particular purchases by the daughter and the daughter's share of gas required for vacation travel. She indicated that additional unquantified expenses, such as those charged for Special Olympics programs, would also be incurred from time to time. Accordingly, based upon this record, we conclude that the trial court's findings were sufficient to support the nominal amount of support that was awarded and that such award was well within the court's discretion.

Furthermore, although the court and both parties characterize the award as a deviation from the presumed amount of support, that characterization assumes the propriety of offsetting the child's entire income against the basic support obligation. However, the evidence and the findings were sufficient to support only a partial offset of the child's income for her *pro rata* share of reasonable and necessary monthly expenses as well as the maintenance of a fund for vacations, one-time purchases, and other occasional expenses.

Thus, we conclude that the award constituted an application of, and not a deviation from, the guidelines. *See In re Marriage of Eze*, 856 P.2d 75 (Colo.App.1993). Accordingly, the nominal support awarded is supported by the record, and therefore, we see no need to remand for more specific findings.

## II.

Father also asserts that the court erred in including the $350 rent in his gross income without excluding allowable business deductions that are recognized by the Internal Revenue Service. We are not persuaded.

Our review of the record reveals nothing to warrant reversal of the trial court's implicit determination that any claimed expenses

were not necessary or required to produce the rental income in question. *See* § 14–10–115(7)(a)(II)(A) and § 14–10–115(7)(a)(II)(B), C.R.S. (1987 Repl.Vol. 6B).

Order affirmed.

TAUBMAN and PIERCE,* JJ., concur.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1994 Cum.Supp.).