**In re the MARRIAGE OF Linda Marie WRIGHT, Appellee,**

**and**

**Lamar Donald Wright, Appellant.**

**No. 95CA1010.**

Colorado Court of Appeals, Div. III.

Aug. 22, 1996.

Linda M. Wright, pro se.

Richard K. Walsh, Colorado Springs, for Appellee (on the brief).

Dan Mohler, P.C., Dan Mohler, Colorado Springs, for Appellant.

Opinion by Judge ROY.

Lamar Donald Wright (husband) appeals from the trial court's order granting in part and denying in part his motion for modification of child support. We affirm.

The marriage between husband and Linda Marie Wright (wife) was dissolved on October 31, 1984. Husband was ordered to pay child support in the amount of $200 per month per child for each of his three children until emancipation. Husband complied in every respect with this initial child support order.

The oldest child, then 18, moved out of wife's residence in March 1994, graduated from high school, and obtained full time employment in June 1994. Husband was notified of these facts in July 1994. In August 1994, husband filed a motion for modification of child support, and a hearing was set for April 27, 1995. On March 15, 1995, husband filed a motion to terminate child support as to the oldest child, and the trial court granted the motion on April 6, 1995, without a hearing.

In September 1994, husband applied for social security disability benefits which were awarded in December 1994, effective March 1993. The Social Security Administration then paid the two younger children's back benefits to wife in the amount of $3,328 per child and commenced payment of current benefits to wife in the amount of $224 per child. The oldest child's back benefits, which terminated in June 1994, were paid directly to the child. Wife spent, and could not account for, the $6,656 in back benefits paid to her for the two children residing with her.

Husband paid child support pursuant to the original order for all three children by military allotment through April 1995. Wife received social security benefits of $2,880 per child for the two younger children for a total $5,760, for the period prior to the filing of husband's motion to modify child support; and $1,792 per child, for a total of $3,684, for the period following the filing of husband's motion to modify child support and prior to the hearing.

Following the hearing on April 27, 1995, the trial court increased husband's child support to $467 per month for the two children remaining at home and determined that husband was entitled to a refund of child support paid for the older child, both effective upon the filing of the motion for modification. The trial court further concluded that husband was entitled to an offset against his child support obligation for social security benefits paid to wife after the filing of the motion for modification of child support pursuant to § 14–10–115(16.5), C.R.S. (1995 Cum.Supp.). The trial court then ordered wife to repay husband $5,088 plus interest over a period of 24 months. The trial court declined, however, to order any repayment or offset for social security disability benefits for the period prior to the filing of husband's motion for modification of child support amounting to $5,750. This appeal followed.

The only issue on appeal is whether husband is entitled to repayment of the social security disability benefits paid to wife for

the period prior to the filing of the motion. We conclude that husband is not so entitled.

█ The provisions of any decree respecting child support may be modified only as to installments accruing after the filing of a motion for modification. Section 14–10–122(1)(a), C.R.S. (1995 Cum.Supp.). Thus, the trial court's ability to modify retroactively an accrued child support obligation is severely restricted. *In re Marriage of Jacobs,* 859 P.2d 914 (Colo.App.1993).

█ At the outset, we note that the social security benefit paid to or for a child based on the eligibility of a parent is the child's benefit. 42 U.S.C. § 402(b) (1994). While the child's eligibility is dependent upon the eligibility of the parent and the amount of the child's benefit is based on the amount of the parent's benefit, the payment of the child's benefit does not reduce or otherwise affect the benefit payable to the eligible parent.

Prior to the adoption of § 14–10–115(16.5), Colorado followed the prevailing view that social security disability benefit payments for minor children may be credited toward the husband's obligation to pay support. *In re Marriage of Robinson,* 651 P.2d 454 (Colo. App.1982).

In *Robinson,* the father sought to have a portion of a lump sum social security disability benefit paid to the mother for the benefit of the child credited against child support arrearages. The father wanted that portion of the lump sum payment in excess of his child support obligation during his disability credited to a child support arrearage which had accrued prior to his disability. A division of this court held that he was not entitled to the credit, stating:

> We agree with those courts which have ruled that Social Security disability benefit payments and Social Security retirement benefit payments for minor children may be credited toward the father's obligation to pay support.... *However, ... the disability and resulting entitlement to Social Security are changes in condition of the parties to be considered in modification proceedings, and the credit to be allowed by a trial court is discretionary, not automatic.*

*In re Marriage of Robinson, supra,* 651 P.2d at 455 (emphasis added).

The division also concluded that, in considering the extent of the setoff to be allowed, the father was entitled to a credit only to the extent of his obligation for monthly payments of child support, but not in excess thereof. The excess was to be considered a gratuity to the child. *In re Marriage of Robinson, supra.*

Section 14–10–115(16.5), enacted after *Robinson,* now provides:

> In cases where the custodial parent receives periodic disability benefits granted by the federal 'Old-age, Survivors, and Disability Insurance Act' on behalf of dependent children due to the disability of the noncustodial parent or receives employer-paid retirement benefits from the federal government on behalf of dependent children due to the retirement of the noncustodial parent, *the noncustodial parent's share of the total child support obligation as determined pursuant to subsection (14) of this section shall be reduced in an amount equal to the amount of such benefits.* (emphasis added)

█ *Robinson* was decided in 1982, and the General Assembly adopted § 14–10–115(16.5) in 1992. Hence, while *Robinson* held that allowance of a credit for lump sum payments of social security benefits is discretionary with the trial court, the statute now requires that the child support obligation of the noncustodial parent must be reduced by the amount of any social security benefits paid to or for the benefit of the child. The child support obligation of a noncustodial parent can only be reduced prospectively from the date the motion for modification of child support is filed.

Therefore, in those cases in which a child support obligation has been ordered and the obligated parent becomes eligible for social security benefits, a motion to modify child support is required before the child support obligation of the parent may be reduced by the amount of social security benefits paid for the benefit of the child.

The order is affirmed.

PLANK and NEY, JJ., concur.