In re the MARRIAGE OF Louise QUINTANA, Appellant,

and

Johnny Quintana, Appellee.

No. 00CA0889.

Colorado Court of Appeals, Division III.

July 19, 2001.

Sidney L. Patin, P.C., Sidney L. Patin, Colorado Springs, CO, for Appellant.

Dulce Denise Peacock, P.C., D. Denise Peacock, Colorado Springs, CO, for Appellee.

Opinion by Judge DAILEY.

In this post-decree dissolution proceeding between Louise Quintana (mother) and John-

ny Quintana (father), mother appeals from a modified child support order entered on stipulated facts. We affirm.

Mother filed a motion for contempt citation alleging that father had failed to make certain support payments on behalf of the parties' two minor children. Ultimately, the parties reached an agreement regarding all issues except for the amount of father's future child support obligation. Specifically, the parties disagreed concerning the consideration of social security disability payments received on behalf of the children.

Mother, who had custody of the children, received two sets of social security benefits based on her disability. One set of benefits was for herself, the other for the children. The trial court entered a child support order listing the latter set of benefits under the worksheet category "Items that reduce support (e .g. child income)." As a result, the combined basic child support obligation of both parties was reduced by the amount of the benefits.

Mother filed a motion for reconsideration claiming that the trial court's order was erroneous because it gave father "credit ... for disability payments" received on behalf of the children. The trial court denied the motion after noting that the benefits should be included as income to the children and that father was not receiving a "dollar for dollar offset" but rather a benefit based on his percentage of income.

Mother's sole contention on appeal is that the trial court erred or abused its discretion in considering the social security disability payments received on behalf of the children in calculating child support. We disagree.

At least two statutory sections support the trial court's decision to consider the disability payments received by the children. First, § 14–10–115(1)(a), C.R.S.2000, specifically requires the trial court to consider the financial resources of the child as a factor in setting the amount of child support. *See In re Marriage of Kluver*, 771 P.2d 34, 36 (Colo.App. 1989) (requiring trial court to reduce the basic child support obligation by amount of child's income to the extent that income actually diminished the child's basic needs). The payments at issue here clearly belong to the children. *See In re Marriage of Wright*, 924 P.2d 1207, 1209 (Colo.App.1996)(social security benefit paid to or for a child based upon the eligibility of a parent is the child's benefit).

A second source of authority is § 14–10–115(13)(b), C.R.S.2000, which provides that "[a]ny additional factors that actually diminish the basic needs of the child may be considered for deductions from the basic child support obligation." This section vests the trial court with discretion to determine if an adjustment is appropriate based upon a child's financial resources. *In re Marriage of Thornton*, 802 P.2d 1194, 1195 (Colo.App. 1990). This section is also consistent with case law pre-dating the adoption of the child support guidelines giving trial courts discretion in this area. *See In re Marriage of Meek*, 669 P.2d 628, 630 (Colo.App. 1983)(child's entitlement to social security survivor's benefits is a relevant circumstance for the court to consider).

Additionally, other divisions of this court have held that the extent to which a child's income should be applied to the payment of basic support is a question of fact to be determined by the trial court based upon the totality of circumstances. *See In re Marriage of Pollock*, 881 P.2d 470, 472 (Colo.App. 1994); *see also In re Marriage of Cropper*, 895 P.2d 1158, 1160 (Colo.App.1995)(whether child's income actually reduces the need for parental support will vary from case to case).

Here, the trial court considered the children's social security disability payments as an adjustment based upon the fact that those payments were actually diminishing the children's basic needs. *See* § 14–10–115(13)(b); *In re Marriage of Kluver, supra.* Indeed, mother does not dispute that these payments do, in fact, reduce the basic needs of the children.

Under these circumstances, we perceive no abuse of discretion in the trial court's decision to include the payments in calculating father's child support obligation. *See In re Marriage of Cropper, supra; In re Marriage of Kluver, supra.*

Finally, mother's reliance on *In re Marriage of Wright, supra,* is misplaced. *Wright* involved circumstances in which children received social security payments based upon the disability of the noncustodial obligor parent pursuant to § 14–10–115(16.5), C.R.S. 2000. That statute specifically requires that the child support obligation of a noncustodial parent be reduced by the amount of any social security benefits paid to or for the benefit of the child based upon the disability of the noncustodial parent. However, contrary to mother's contention, we see no language in either *Wright* or § 14–10–115(16.5) that would preclude a trial court from considering such benefits paid to the children based, as here, on a disability of a custodial parent.

Finally, we emphasize that inclusion of these disability payments in the child support calculation actually reduced the support obligation of both parents. The fact that father received a relatively larger reduction in his support obligation as compared to mother was due solely to his relatively greater contribution of income to the child support calculation.

The order is affirmed.

Judge JONES and Judge MARQUEZ concur.